UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-cr-00167-JAW |
| | ) | |
| ROBERT GOGUEN | ) | |

**ORDER ON MOTION IN LIMINE TO ADMIT EVIDENCE OF POSSESSION OF FILES CONTAINING CHILD EROTICA & BESTIALITY**

With trial scheduled for August 8, 2017 in this child pornography case, the Government seeks to admit evidence of the Defendant's possession of files containing images of child erotica and bestiality both at the time of the alleged offense and more than two years earlier. The Court grants in part, defers in part, and denies in part the Government's motion in limine. The Court agrees with the Government that images of child erotica allegedly found on the Defendant's laptop computer on November 10, 2015, the time of the alleged possession crime in this case, as well as the corresponding testimony regarding possession of child erotica on that date, are admissible. Regarding the earlier alleged possession of child erotica, preferring to weigh the danger of undue delay, time wasting, and cumulative evidence on a more complete record, the Court defers final ruling on the admissibility of three photographs of child erotica found during the laptop search on May 23, 2013, as well as the testimony regarding possession of other images at that time. Finally, the Court denies admission of the testimony regarding possession of files containing images of bestiality on both May 23, 2013 and November 10, 2015.

# I. BACKGROUND

## A. Procedural Background

On December 14, 2016, a federal grand jury indicted Robert Goguen for possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A).[1] *Indictment* at 1 (ECF No. 1). The charge is scheduled for trial on August 8, 2017. *Speedy Trial Order* (ECF No. 52); *Trial List* (ECF No. 53).

On January 17, 2017, the Government filed a motion in limine asking that the Court rule in advance of trial as to the admissibility of certain evidence of the possession of files containing child erotica and bestiality. *Gov't's Mot. in Lim. to Admit Evid. of the Def.'s Possession of Child Erotica and Bestiality* (ECF No. 18) (*Gov't's Mot.*). On February 20, 2017, Mr. Goguen objected to the motion. *Def.'s Obj. to Mot. in Lim.* (ECF No. 32) (*Def.'s Opp'n*). The Government replied on February 24, 2017. *Gov't's Reply to Def.'s Obj. to Mot. in Lim.* (ECF No. 35) (*Gov't's Reply*).[2]

## B. Factual Background

The December 14, 2016 indictment charges Mr. Goguen with possession of child pornography on about November 10, 2015. *Indictment* at 1. The Government represents that on November 10, 2015, United States Probation Officers Oswald and

---

[1] The indictment also contains a forfeiture allegation, demanding forfeiture of a laptop computer and a hard drive. *Indictment* at 1–2.
[2] The resolution of this motion was delayed by the need to resolve a separately-filed motion to suppress all evidence obtained from the search of Mr. Goguen's laptop computer. If all the laptop evidence had been suppressed, it would have affected this motion in limine. The Court affirmed the recommended decision of the Magistrate Judge on June 19, 2017, thereby making the case vulnerable for trial and making the motion in limine in order for decision. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 48).

2

Moloney went to Mr. Goguen's apartment to conduct an unannounced visit. *Gov't's Mot.* at 1–2. Mr. Goguen was on supervised release for his federal conviction in the District of Maine for failing to register as a sex offender. *Id.* at 2. The probation officers entered Mr. Goguen's apartment, interacted with him, and ultimately seized a Hewlett Packard laptop computer. *Id.* The probation officers took the laptop with them to the United States Probation Office. *Id.*

On November 13, 2015, Probation Officer Oswald began reviewing the contents of the laptop. *Id.* Upon identifying images of child pornography, Probation Officer Oswald consulted additional law enforcement. *Id.* Special Agent Greg Kelly of Homeland Security Investigations (HSI) obtained a search warrant for the laptop and HSI conducted computer forensics on the laptop. *Id.* Special Agent Kelly identified evidence of approximately 9 images of child pornography, 5 videos of child pornography, 169 images of child erotica, 9 videos of child erotica, 24 videos of adult pornography/adult erotica, and 9 videos of bestiality. *Id.* The child pornography recovered from the laptop forms the basis of the charges in the current matter. *Id.*

The Government also states that on May 23, 2013 Probation Officer Oswald found Mr. Goguen in possession of a laptop computer while he was on supervised release. *Id.*; *see also id.* Attach. 1 *Mem. from Mitchell Oswald, Sr. USPO re: Robert Goguen*. The laptop contained images of child erotica, adult pornography, and bestiality. *Gov't's Mot.* at 2–3. Mr. Goguen told Probation Officer Oswald that the images "popped up" on the laptop. *Id.* at 3. The conditions of Mr. Goguen's supervised release were then modified to prohibit Mr. Goguen from possessing any pornography.

3

*Id.* In December of 2016, Special Agent Kelly reviewed the material recovered from the laptop that Mr. Goguen possessed in May of 2013 and identified approximately 2,400 total files, including images and videos. *Id.* Approximately 240 of the files contained child erotica and approximately 22 of the files contained bestiality. *Id.*

The Government seeks to admit into evidence three images of child erotica that Mr. Goguen possessed on about May 23, 2013, marked as Exhibits 2-A, 2-B, and 2-C, as well as testimony regarding the total number of images and videos that Mr. Goguen possessed on that date. *Id.* at 5–6. The Government also seeks to admit into evidence three images of child erotica that were recovered from the laptop found in Mr. Goguen's apartment on November 10, 2015, marked as Exhibits 3-A, 3-B, and 3-C, as well as testimony regarding the total number of images and videos possessed on that date. *Id.* at 6. The Government also seeks to admit testimony regarding Mr. Goguen's possession of files containing bestiality. *Id.* at 1; *Gov't's Reply* at 10.

## II. THE PARTIES' POSITIONS

### A. The Government's Motion

First, the Government contends that the evidence of possession of child erotica on both May 23, 2013 and November 10, 2015 is admissible under Federal Rules of Evidence 404(b) and 403. *Gov't's Mot.* at 3. The Government acknowledges that the evidence cannot be introduced as propensity evidence. *Id.* However, it argues that the evidence shows Mr. Goguen's prurient interest in children and is admissible because it has special relevance, namely, it establishes motive, intent, lack of mistake, and lack of accident. *Id.* at 4. More specifically, the Government claims

that the images of child erotica that Mr. Goguen possessed on May 23, 2013 establish that Mr. Goguen intentionally sought and possessed child pornography on about November 10, 2015 and refute any argument that Mr. Goguen possessed the child pornography by mistake or accident. *Id.* at 5. Similarly, it argues that the child erotica images found on November 10, 2015 show intent, knowledge, and lack of mistake or accident. *Id.* The Government further argues that the evidence is not barred by Rule 403 because any prejudice stems from the substantive probative value of the evidence and does not rise to the level of "unfair prejudice." *Id.* at 6–7.

Second, the Government contends that the evidence of Mr. Goguen's possession of files containing child erotica and bestiality is relevant because it demonstrates Mr. Goguen's control, use, and knowledge of the laptop on November 10, 2015. *Id.* at 7. It claims that "[t]he fact that the defendant possessed unique material such as child erotica and bestiality in 2013, and that on November 10, 2015, the [l]aptop contained similar material, strongly indicates that it was the defendant who had control, use, and knowledge of the [l]aptop on November 10, 2015." *Id.*

### B. Robert Goguen's Opposition

Mr. Goguen claims that "[t]he evidence [that he] possessed child erotica and bestiality 18 months prior to the present child pornography allegations is only relevant to show [he] is the type of person to possess this material and child pornography," which, he claims, is "the very type of propensity evidence the Court has rejected." *Def.'s Opp'n* at 3. Mr. Goguen argues that the material is not admissible for some special purpose because he is not claiming he accidentally or

5

mistakenly possessed the material, or did not have the intent to possess it. *Id.* Instead, he claims "it was not him who possessed the material." *Id.* Mr. Goguen distinguishes his case from the cases relied upon by the Government because the evidence of child erotica and bestiality here was found eighteen months prior to the current allegations. *Id.* at 4.

Mr. Goguen additionally argues that even if the Court concludes that the evidence has special relevance, its probative value is substantially outweighed by unfair prejudice because the nature and volume of the materials from 2013 would lead a jury to react negatively and consider him "a bad guy." *Id.* at 5.

### C. The Government's Reply

In reply, the Government argues that the evidence of child erotica is admissible despite Mr. Goguen's claim that he is not alleging a lack of accident, mistake, or intent. *Gov't's Reply* at 2. It states that Mr. Goguen has not stipulated to anything in the case and argues that even if he did, the Government is entitled to prove its case by its own choice of evidence. *Id.* at 2–3. The Government relies on a case from this Court, *United States v. Palmer*, No. 1:15-cr-00154-JAW, 2016 WL 4625174 (D. Me. Sept. 6, 2016), in which the Court rejected an argument similar to the one Mr. Goguen makes here. *Id.* at 3–4. It argues that because Mr. Goguen makes clear that he is disputing that he "knowingly" possessed the child pornography, evidence that he previously possessed child erotica strongly supports the inference that he knowingly possessed the child pornography at issue. *Id.* at 4–5. Additionally, the Government claims that Mr. Goguen's position that the evidence

6

is not relevant because it was not discovered at the time of the search is erroneous and points to cases in which courts admitted evidence of prior possession. *Id.* at 5–6. It insists that the evidence has special relevance and is not being used solely for propensity evidence. *Id.* at 6–7.

With respect to Mr. Goguen's Rule 403 argument, the Government maintains that the probative value is not substantially outweighed by unfair prejudice. *Id.* at 7–8. It contends that the images of child erotica are not as unsettling as the images of actual child pornography that will be admitted at trial, other courts have determined that this kind of evidence is not unduly prejudicial, a limiting instruction can be provided, and the evidence is highly probative because Mr. Goguen disputes knowing possession. *Id.*

Finally, the Government claims that the evidence of possession of files containing bestiality has significant probative value because the fact that Mr. Goguen previously possessed bestiality, and the fact that the laptop discovered on November 10, 2015 also contains bestiality, tends to show that Mr. Goguen possessed the laptop and was aware of its contents. *Id.* at 9. It argues that the evidence is even more significant in light of the fact that Mr. Goguen states that he did not possess the material. *Id.* The Government relies on *United States v. Wallace*, 607 F. App'x 25 (2d Cir. 2015), in which the Second Circuit affirmed the district court's decision to admit evidence that the defendant had an interest in bestiality to prove identity as to the person who downloaded images of child pornography on the computer. *Id.* at 9–10. The Government argues that any risk of unfair prejudice from the admission

7

of this evidence is minimized because it is not seeking to admit any actual images of bestiality but only testimony of the prior possession and of when the images were last written onto the laptop found on November 10, 2015. *Id.* at 10, 10 n.1.

## III. DISCUSSION

The parties concede that the Government's proposed evidence of Mr. Goguen's possession of files containing child erotica and bestiality is properly deemed "other bad acts" evidence. *Gov't's Mot.* at 3, 7; *Def.'s Opp'n* at 1–4; *Gov't's Reply* at 1–11. Federal Rule of Evidence 404(b) governs the admission of evidence of other bad acts and provides in part:

> (1) **Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) **Permitted Uses . . . .** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

FED. R. EVID. 404(b)(1), (2). The First Circuit utilizes a two-part test for evaluating the admissibility of evidence challenged under Rule 404(b). *United States v. Ford*, 839 F.3d 94, 109 (1st Cir. 2016). To be admissible, the Rule 404(b) evidence must have "special relevance," that is, it must be "relevant for any purpose apart from showing propensity to commit a crime." *Id.*; *United States v. Habibi*, 783 F.3d 1, 2 (1st Cir. 2015) (quoting *United States v. Doe*, 741 F.3d 217, 229 (1st Cir. 2013) (quoting *United States v. Rodríguez–Berríos*, 573 F.3d 55, 64 (1st Cir. 2009))). Even if the proposed evidence has special relevance, it must still survive a Rule 403 balancing analysis. *Ford*, 839 F.3d at 109.

8

### A. Evidence of Possession of Child Erotica

The Government seeks to admit evidence of Mr. Goguen's possession of child erotica on November 10, 2015, the date charged in the indictment, as well as evidence of his prior possession of child erotica on May 23, 2013. Specifically, it seeks to introduce three images from November 10, 2015, three images from May 23, 2013, and testimony regarding the extent of possession on both dates.

#### 1. November 10, 2015 Child Erotica Evidence

In his response, Mr. Goguen failed to address the admissibility of the images of child erotica found on his laptop computer on November 10, 2015. *Def.'s Opp'n* at 1–6. As Mr. Goguen does not appear to contest the admission of the child erotica from November 10, 2015, he waived any argument on this issue. *See United States v. Arroyo–Blas*, 783 F.3d 361, 366–67 (1st Cir. 2015).

Even so, the Court is at a disadvantage because it does not know the type of child pornography the Government claims that Mr. Goguen possessed on November 10, 2015 and how it compares with the images of child erotica that the Government seeks to introduce into evidence. In general, child pornography is defined as the visual depiction of sexually explicit conduct involving a minor, namely any person under the age of eighteen. *See* 18 U.S.C. § 2256. Here, the erotic images that the Government submitted with its motion exclusively depict younger girls probably in their early teens in sexually provocative poses, though no nudity is shown, but the Government has not submitted images of the child pornography that it alleges Mr. Goguen actually possessed on November 10, 2015. For purposes of ruling on this

9

motion, the Court assumes that the actual images of child pornography the Government claims Mr. Goguen possessed on November 10, 2015 are consistent with the age and gender of the children in the erotic images. In other words, if the Government is claiming that on November 10, 2015, Mr. Goguen exclusively possessed pornographic images of extremely young boys, the probative value of the admission of provocative images of young teenaged girls would be lessened and the Court would be required to reanalyze the admissibility of the contemporaneously-possessed erotic, non-pornographic images.

Assuming that the erotic and pornographic images are similar, the Court agrees with the Government that this evidence has special relevance. As this Court recently concluded in *United States v. Palmer*, No. 1:15-cr-00154-JAW, 2016 WL 4625174 (D. Me. Sept. 6, 2016), evidence of a defendant's contemporaneous possession of child erotica tends to confirm that a defendant had a sexual interest in children, a motive to access child pornography, and the intent to do so, and that he did not access the child pornography by mistake or accident. *Id.* at *4 (collecting cases from other courts holding the same).

The Court also concludes that the November 10, 2015 evidence of child erotica that the Government seeks to introduce is not unfairly prejudicial. The probative value of this evidence is potentially high, as noted. Furthermore, the images that the Government seeks to admit do not fit the legal definition of child pornography, *see* 18 U.S.C. § 2256(2)(A), (8), and therefore "the common concern that a jury will conclude that because a defendant committed a prior criminal act, he must have committed

the one charged, does not apply to these items." *See Palmer*, 2016 WL 4625174, at *4. Additionally, the images are relatively benign compared to other images encountered by the Court in child pornography cases, and compared to the other images likely to be introduced in this case, lessening their prejudicial impact. *See United States v. Gendron*, 18 F.3d 955, 969 (1st Cir. 1994). Upon request, the Court may give a limiting instruction to make certain the jury does not use the evidence inappropriately. *See United States v. Moon*, 802 F.3d 135, 144–45 (1st Cir. 2015).

The Court concludes that Exhibits 3-A, 3-B, and 3-C, as well as the corresponding testimony about possession of child erotica on November 10, 2015, are admissible.

### 2. May 23, 2013 Child Erotica Evidence

Mr. Goguen does object to the admission of the evidence of child erotica from May 23, 2013 arguing first that it has no special relevance because he does not contest intent, mistake, or accident and the evidence was found 18 months before the date charged in the indictment, and second that its probative value is outweighed by unfair prejudice. *Def.'s Opp'n* at 3–5.

#### a. Rule 404(b) Special Relevance

The Court disagrees with Mr. Goguen that the May 23, 2013 child erotica evidence has no special relevance. To prove criminal possession of child pornography, the Government bears the burden to establish beyond a reasonable doubt that the defendant's possession was knowing. 18 U.S.C. § 2252A(a)(5)(B) ("knowingly possesses, or knowingly accesses with intent to view"); JUDGE TORRESEN'S PATTERN

CRIM. JURY INSTRS. FOR THE DISTRICT COURTS OF THE FIRST CIRCUIT § 4.18.2252 (updated Feb. 24, 2017) (TORRESEN). "'[K]nowingly' means that the act was done voluntarily and intentionally and not because of mistake or accident." TORRESEN § 4.18.2252; *United States v. Tracy*, 36 F.3d 187, 195 (1st Cir. 1994).

Even though Mr. Goguen claims that he has never asserted and will not assert a "mistake or accident" defense, the Government still bears the burden to prove beyond a reasonable doubt each element of the offense, including knowing possession and the absence of mistake or accident, and the prosecution is "entitled to prove its case by evidence of its own choice." *Ford*, 839 F.3d at 109 (citing *Old Chief v. United States*, 519 U.S. 172, 186 (1997)); *United States v. Dudley*, 804 F.3d 506, 516–17 (1st Cir. 2015). Here, Mr. Goguen's possession of child erotica in May of 2013 constitutes evidence from which a jury could conclude he had a sexual interest in children and therefore that his possession of child pornography was intentional, not a mistake.

Additionally, as the Government points out, Mr. Goguen specifically disputes that he was the one who possessed the child pornography.[3] Therefore, even if Mr. Goguen were to offer to stipulate that the Government need not prove absence of mistake or accident, the Government would still retain the burden of proof that Mr. Goguen knowingly possessed child pornography. *Dudley*, 804 F.3d at 516–17. The fact that Mr. Goguen possessed images of child erotica on his laptop in the past makes

---

[3] Mr. Goguen does not explain what he means by "it was not him who possessed the material." *See Def.'s Opp'n* at 3. However, based on the facts outlined in the Defendant's motion to suppress earlier ruled upon by the Court, Mr. Goguen may be suggesting that the laptop belonged to a friend and he was unaware of its contents. *See Def.'s Mot. to Suppress Evid. Regarding New Criminal Charges and Supervise Release Revocation Hearing* at 3–4 (ECF No. 174).

it more likely that he had ownership or control of the laptop found in his apartment on November 10, 2015 which contained the same type of images of child erotica. *See United States v. Aguilar–Aranceta*, 58 F.3d 796, 799 (1st Cir. 1995) ("[W]e have held that it is within the judge's discretion to permit the government to introduce evidence of prior similar offenses to demonstrate the unlikeliness that the defendant was merely an innocent and unknowing bystander"); *United States v. King*, 254 F.3d 1098, 1100 (D.C. Cir. 2001) ("[W]here a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged"); *see also United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002) (holding that the fact that defendant previously possessed weapons "tends to make it less probable that the weapons recovered from his bedroom were there without his knowledge, without intent, or by accident or mistake").

There is a risk that the jury could use this evidence for an impermissible character purpose, i.e., because Mr. Goguen possessed child erotica in the past, he is the type of person who would possess child pornography now. However, the Court, having reviewed the images from May 23, 2013 and November 10, 2015, concludes that they are very similar not only because they are child erotica, but also because they share the same characteristics in terms of the children's ages, poses, and level of nudity, making it more likely that it was Mr. Goguen, not someone else, who possessed the laptop on November 10, 2015, as well as the images of child pornography contained therein. *See Aguilar–Aranceta*, 58 F.3d at 799 ("We have held

13

that similarity between the prior act and the current charges is often the predominant factor or touchstone in the test for special relevance as to defendant's knowledge").

An eighteen-month gap between his earlier possession and his current charge gives the Court some pause, particularly because a jury might be drawn to conclude that Mr. Goguen's possession of child erotica both in 2013 and 2015 suggests that he is the kind of person who would commit a child pornography offense. Even so, the similarity of the images both in 2013 and 2015 is probative evidence of intentional possession. Furthermore, courts, including the First Circuit, have approved the admission of evidence much older than this evidence for similar purposes. *See, e.g.*, *United States v. Spinosa*, 982 F.2d 620, 627–29 (1st Cir. 1992) (admitting history of cocaine transactions during four years prior to arrest to prove knowing participant in sale of cocaine); *United States v. Whorley*, 550 F.3d 326, 338 (4th Cir. 2008) (admitting prior conviction from 1999 for charges brought in 2004 to demonstrate knowledge and lack of accident or mistake).

### b. Rule 403 Unfair Prejudice

Although the admissibility issue is not unalloyed, the Court's Rule 403 analysis supports the admissibility of the May 23, 2013 child erotica evidence. Like the November 10, 2015 images of child erotica, the images from May 23, 2013 are not illegal and are relatively benign compared to the child pornography typically admitted in these cases (and that probably will be admitted at Mr. Goguen's trial), reducing the prejudicial impact. By contrast, the evidence of prior possession has

14

significant probative value, demonstrating intent, motive, and lack of mistake or accident, as well as ownership or control of the laptop found on November 10, 2015, an issue which Mr. Goguen appears to be contesting. Although there is some risk that a jury could use this evidence for a propensity purpose, the Court will give, upon request, a limiting instruction to the jury to make certain that it does not use the evidence inappropriately.

Even so, the Court is uncertain how time-consuming and involved the Government's proposed testimony is likely to be in order to meet foundational requirements for the admissibility of Exhibits 2-A, 2-B, and 2-C, and for the admissibility of additional contemplated testimony about the unintroduced images. The Court does not wish to have a "trial within a trial" about the admissibility of the 2013 uncharged and legal images and proposed testimony about non-introduced images. *See* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . undue delay, wasting time, or needlessly presenting cumulative evidence"). If Mr. Goguen challenges, for example, the accuracy of the testimony about the nature and number of the unintroduced images, the Court would be chary about a Government witness on the stand for hours describing in detail and counting out each unintroduced image. Depending on what is contemplated, it may be preferable to hold a hearing outside the presence of the jury before or during trial to determine whether the proposed evidence meets Rule 403 requirements.

15

Although the Court concludes that Exhibits 2-A, 2-B, and 2-C, as well as the testimony regarding the extent of possession of child erotica on May 23, 2013, are likely admissible, the Court defers ruling until trial on these images.

B.   **Bestiality Evidence**

The Government also seeks to introduce testimony regarding the possession of files containing bestiality in order to show that Mr. Goguen had ownership and control over the laptop containing the child pornography found in his apartment on November 10, 2015. Although Mr. Goguen does not appear to contest the admission of the bestiality evidence from November 10, 2015, *see Def.'s Opp'n* at 1–6, he does object to admission of the bestiality evidence from May 23, 2013, arguing that it has no special relevance and its limited probative value is outweighed by its prejudicial effect. *Id.* at 1. Out of an excess of caution, the Court analyzes the admissibility of the bestiality evidence on both dates and concludes that the prejudicial impact of the evidence outweighs its probative value.

1.   **Rule 404(b) Special Relevance**

Like the evidence of Mr. Goguen's possession of child erotica, evidence that Mr. Goguen possessed laptops containing images of bestiality on May 23, 2013 and on November 10, 2015 makes it more likely that the laptop recovered in November 2015 actually does belong to Mr. Goguen, and that he was aware of its contents. *See Aguilar–Aranceta*, 58 F.3d at 799. The evidence may even be slightly more probative than the child erotica evidence on this issue because an interest in bestiality may be

16

more unique, making it even more likely that it was Mr. Goguen, not someone else, who possessed the images on November 10, 2015.

### 2. Rule 403 Unfair Prejudice

However, unlike the evidence of child erotica, the Court concludes that the evidence of possession of bestiality is unfairly prejudicial under Rule 403. The Court acknowledges that the Government only seeks to introduce testimony regarding the extent of Mr. Goguen's possession, not any actual images or videos of bestiality, which significantly reduces the prejudicial effect of this evidence. *United States v. Wallace*, 607 F. App'x 25, 29 (2d Cir. 2015). Nevertheless, the very fact that Mr. Goguen is interested in bestiality runs a real risk of disgusting members of the jury and causing them to view Mr. Goguen as a sexual pervert, thereby justifying his conviction on the child pornography charge regardless of the strength of the evidence of actual possession of child pornography. Furthermore, the jurors could conclude that because he possessed images of bestiality, Mr. Goguen must be the type of sexual deviant who would also possess child pornography, an impermissible line of reasoning. Finally, if admitted, the cumulative nature of the evidence—possession not only of child pornography, but also images of bestiality—may prejudice the jury against Mr. Goguen and make it harder for the members of the jury to accord him a fair trial.

Moreover, assuming that evidence of prior and contemporaneous possession of child erotica on May 23, 2013 and November 10, 2015 is admissible, it would be admitted for the same purpose that the Government seeks to admit the bestiality evidence, namely to show ownership and control of the laptop. As a result, the

additional evidence of bestiality, which in the Court's view is significantly more prejudicial than the fairly benign images of child erotica, is needlessly cumulative. The Court prohibits the admission of the testimony regarding Mr. Goguen's possession of files containing images of bestiality on May 23, 2013 and November 10, 2015.

## IV. CONCLUSION

The Court GRANTS in part, DEFERS in part, and DENIES in part the Government's Motion in Limine to Admit Evidence of the Defendant's Possession of Child Erotica and Bestiality (ECF No. 18). The Court GRANTS that part of the motion seeking to admit the evidence of possession of child erotica on November 10, 2015. The Court DEFERS that part of the motion seeking to admit the evidence of possession of child erotica on May 23, 2013. The Court DENIES that part of the motion seeking to admit evidence of possession of bestiality on May 23, 2013 and November 10, 2015.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of July, 2017