UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-cr-00167-JAW-1 |
| | ) | 1:11-cr-00003-JAW-1 |
| ROBERT GOGUEN | ) | |

**ORDER DENYING MOTION TO CONTINUE SENTENCING HEARING**

Facing sentencing on a revocation of his supervised release and on a new criminal conviction, on March 1, 2018 Robert Goguen moved to continue the sentencing hearing. *Def.'s Mot. to Continue Sentencing* (ECF No. 77) (*Def.'s Mot.*). The Government opposed his motion. *Gov't Resp. in Opp'n to Def.'s Mot. to Continue Sentencing* (ECF No. 78). Technically, a sentencing hearing has not yet been scheduled because the parties agreed to file memoranda on whether Mr. Goguen faces a mandatory minimum sentence. The upshot is that the Court considers the pending motion to be a motion to stay the case until at least July 2018. Mr. Goguen's March 1, 2018 motion to continue sentencing follows his September 15, 2017 entry of a guilty plea to the new criminal charge, possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B), and his admission on the same date of charges that he violated conditions of supervised release on his earlier conviction for failure to register as a sex offender, a violation of 18 U.S.C. § 2250(a)(1).

The basis of Mr. Goguen's motion is that he has filed a petition for post-conviction relief seeking to vacate his failure to register as a sex offender conviction in *United States v. Goguen*, 1:11-cr-03-JAW-1, and he wants the imposition of his

sentence to await the resolution of his petition for post-conviction relief. Although Mr. Goguen requests that the sentencing hearing be continued until July 2018, he concedes that he may ask for further continuances if the petition for post-conviction relief is not resolved by then. *Def.'s Mot.* at 1, n.1.

In anticipation of a sentencing hearing on the new criminal charge and on the violation of a condition of supervised release, the Probation Office (PO) prepared a Presentence Investigation Report (PSR) and a Revocation Report (RR), both of which contained proposed findings under the United States Sentencing Guidelines. In the PSR, the PO calculated a total offense level for the new criminal charge of twenty-seven and assigned a criminal history category IV for a guideline sentence range of 100 to 125 months. *PSR* at 22. However, as the PO concluded that Mr. Goguen is subject to a statutory mandatory minimum sentence of 120 months under 18 U.S.C. § 2252A(b)(2), the PSR's recommended guideline sentence range is 120 to 125 months. *Id.*

In the RR, the PO found a grade of violation C, a criminal history category III, and a guideline range of eight to fourteen months. *RR* at 9. The bases for the revocation petition are Mr. Goguen's failure to participate in sex offender treatment and his new criminal conduct. *Id.* at 2.

If Mr. Goguen is successful in his petition for post-conviction relief, he says the effect on the guideline calculations for the new criminal conviction will be that his criminal history score will be reduced by five points. *Def.'s Mot.* at 2. He would eliminate three points for the failure to register offense and two points for being on

2

supervised release when he committed the new offense. *Id.* at 2 n.2. Under the current PSR, the PO calculated his total criminal history points at eight for a criminal history category of IV. *PSR* ¶¶ 27-37. If Mr. Goguen is successful in his post-conviction petition, his criminal history score would be reduced to three for a criminal history category of II. The result would be a newly-calculated guideline sentence range of seventy-eight to ninety-seven months, based on the same total offense level of twenty-seven. He says that he would also eliminate the revocation sentence because, if the underlying conviction is vacated, he should not have been on supervised release and therefore he could not have violated its conditions.

Mr. Goguen is separately challenging whether the ten-year mandatory minimum under 18 U.S.C. § 2252A(b)(2) applies. *Def.'s Mot.* at 3. If he is unsuccessful in this challenge and is successful in his post-conviction petition, he would still be subject to the statutory minimum of 120 months, making the guideline range equal to the statutory minimum because he has previously been convicted of a qualifying sex offense, Sexual Assault-Second Degree. *See PSR* ¶ 31; 18 U.S.C. § 2252A(b)(2) ("Whoever violates . . . subsection (a)(5) shall be . . . imprisoned not more than 10 years . . . but if . . . such person has a prior conviction . . . under the laws of any State relating to . . . abusive sexual conduct involving a minor . . ., such person shall be . . . imprisoned for not less than 10 years nor more than 20 years"); U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). If he is successful in the ten-year

mandatory minimum challenge and successful in his post-conviction proceeding, his guideline sentence range would drop to seventy-eight to ninety-seven months.

In view of this backdrop, the Court perceives no reason to delay the proceedings leading to Mr. Goguen's sentencing hearing. Mr. Goguen's challenge to the statutory mandatory minimum sentence of 120 months is unrelated to his post-conviction petition in Maine[1] and there is no reason to delay resolution of that issue. If Mr. Goguen is unsuccessful in challenging the mandatory minimum sentence, even if he is successful in his post-conviction petition, he would still face a mandatory sentence of 120 months. The only difference would be that the guideline range would be 120 months as opposed to 120 to 125 months.

The Court is unclear why Mr. Goguen contends (if he does) that the question of the applicability of the mandatory minimum should not be resolved regardless of the status of the petition for post-conviction relief. In fact, the Court set deadlines for the submission of memoranda from him and the Government, and those deadlines remain in force. The last memorandum was filed on April 20, 2018. In all likelihood, the question of the applicability of the mandatory minimum will be resolved before July 2018. There is therefore no reason to stay the filing of memoranda or the decision on this issue.

Mr. Goguen's motion to continue seems to assume that his post-conviction petition will not only vacate the federal failure to register conviction, but that the

---

[1] Mr. Goguen says he filed a post-conviction petition in the state of Connecticut where he was convicted of Sexual Assault, Second Degree, but he specified in his motion that he is "not seeking a continuance at this time based on any post-conviction proceedings filed in the Connecticut court." *Def.'s Mot.* at 3 n.3.

4

Government will be prohibited from retrying him for that charge. Although some of his contentions, namely his constitutional objections to the conviction, could theoretically result in the Government being barred from retrying him, most of his post-conviction issues would not prohibit the Government from retrying him on the same charge. *See Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 194), *Supp. to Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 199); *Mot. to Further Amend Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 215), *United States v. Goguen*, 1:11-cr-00003-JAW. Even if Mr. Goguen were completely successful in his petition for post-conviction relief and were successful in his challenge to the mandatory minimum, in his best case, he still faces a guideline range of seventy-eight to ninety-seven months on the new crime.

Furthermore, if he were successful in vacating his earlier conviction and the Government had a right to retry him, it is unlikely that the revocation petition would be void and he would still face an additional eight to fourteen months on the revocation of supervised release, the revocation range being unaffected by the post-conviction petition. *See* U.S.S.G. § 7B1.4(a). Under U.S.S.G. § 7B1.3(f), a portion or all of the sentence on the revocation petition should normally be consecutive to the sentence on the new crime. Mr. Goguen has been incarcerated since November 13, 2015 on both the new crime and the revocation petition, a period of about twenty-nine months. If the Court sentences Mr. Goguen to a guideline sentence, even if both his mandatory minimum argument and his post-conviction petition are resolved in his

favor, he is in no danger of serving more time in prison than the lower combined guideline range of eighty-six months.

Under the law, although the sentencing judge is allowed to vary from the guideline sentence range, the Court is required to consider the guideline sentence range in its 18 U.S.C. § 3553(a) analysis. *United States v. Kimbrough*, 552 U.S. 85, 108 (2007); *United States v. Booker*, 543 U.S. 220, 245 (2005). If the guideline sentence (however it ultimately is calculated) roughly approximates Mr. Goguen's final sentence, taking the lowest possible guideline range as a proxy for the final sentence, Mr. Goguen's petition for post-conviction relief should be resolved before he is in danger of any over-served time.

By contrast, however, the realistic length of time for final resolution of his post-conviction petition is certainly not July 2018, especially in view of the likelihood that, if he is unsuccessful, he may seek to appeal any adverse trial court ruling. Thus, the implication of his motion to continue is a delay not of a couple of months, but of many months.

The Court views Mr. Goguen's position on the post-conviction petition as akin to Federal Rule of Evidence 609(e), which allows the admission of a conviction that is under appeal. Here, the fact that Mr. Goguen is challenging his earlier conviction does not affect the validity of the conviction for sentencing purposes.

Under Federal Rule of Criminal Procedure 32(b)(1), a court is required to impose a sentence on a defendant "without unnecessary delay." Here, Mr. Goguen has been incarcerated, as just noted, since November 13, 2015. He pleaded guilty to

the new criminal charge and admitted the supervised release violations on September 15, 2017. He has been awaiting the imposition of sentence ever since. Apart from the delay inherent in the need to produce a PSR and an RR, the delay in scheduling the sentencing hearing has been exclusively due to Mr. Goguen. Given the prevalence of post-conviction petitions, if sentencing courts delayed sentencing defendants for new criminal conduct while post-conviction petitions were pending, sentencing hearings on new criminal conduct would be unnecessarily delayed in violation of Rule 32(b)(1).

Finally, having sentenced Mr. Goguen on more than one occasion and being aware of his unfortunate criminal history, it is clear to this Court that if Mr. Goguen is going to avoid committing new crimes, he would benefit from sex offender treatment. This treatment is not as readily available while an inmate is being held in a state jail awaiting the imposition of a federal sentence. This is but one reason why people who commit federal crimes should serve their sentences in federal prisons.

For all of these reasons, the Court DENIES Defendant's Motion to Continue Sentencing (ECF No. 77).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2018