# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-cr-00167-JAW-1 |
| | ) | |
| ROBERT GOGUEN | ) | |

## ORDER ON DEFENDANT'S MEMORANDUM IN OPPOSITION TO APPLICATION OF THE MANDATORY MINIMUM UNDER 18 U.S.C. § 2252A(b)(2)

A defendant, who has pleaded guilty to a federal offense of possession of child pornography, has a prior Connecticut conviction of sexual assault in the second degree. Applying an expansive view of the "relating to" requirement of 18 U.S.C. § 2252A(b)(2) and the categorial approach for statutory analysis, the Court concludes the defendant's prior conviction constitutes a qualifying prior offense that triggers the mandatory ten-year imprisonment penalty under § 2252A(b)(2).

## I.    BACKGROUND

On January 12, 2011, a federal grand jury indicted Robert Frederick Goguen for failure to register as a sex offender. *Indictment* (ECF No. 1), 1:11-cr-00003-JAW. On July 14, 2011, Mr. Goguen admitted that he committed the charged crime, *Min. Entry* (ECF No. 43), and on September 14, 2012, the Court sentenced Mr. Goguen to thirty-seven months of incarceration, three years of supervised release, a $100 special assessment and no fine. *J.* (ECF No. 80); *Am. J.* (ECF No. 90). Mr. Goguen appealed neither his conviction nor sentence to the Court of Appeals for the First Circuit.

On December 14, 2016, a federal grand jury indicted Mr. Goguen for possession of child pornography, an alleged violation of 18 U.S.C. § 2252A(a)(5)(B). *Indictment* (ECF No. 1), 16-cr-00167-JAW. On September 15, 2017, Mr. Goguen pleaded guilty to this charge. *Min. Entry* (ECF No. 64). Mr. Goguen's sentencing hearing has been delayed while the Court considered his argument about the legal impact of his prior state of Connecticut conviction in 1996 for sexual assault in the second degree.[1] *See Def.'s Mem. in Opp'n to the App. of the Mandatory Minimum under 18 U.S.C. § 2252A(b)(2)* (ECF No. 83) (*Def.'s Mem.*); *Gov't's Resp. to Def.'s Mem. in Opp'n to the App. of the Mandatory Minimum under 18 U.S.C. § 2252A(b)(2)* (ECF No. 86) (*Government's Opp'n*); *Def.'s Reply to Gov't's Resp. to App. of Mandatory Minimum* (ECF No. 90) (*Def.'s Reply*).

Section 2252A(b)(2) establishes a scale of penalties for possession of child pornography. Simple possession exposes a defendant to a maximum of ten years of imprisonment. *Id.* If the defendant possessed an image of child pornography that involved a prepubescent minor or a minor who has not attained the age of twelve, the statutory maximum is increased to twenty years. *Id.* Here, Mr. Goguen admitted

---

[1]    Mr. Goguen's sentencing hearing was also delayed by legal issues surrounding a pending revocation petition for violations of the conditions of supervised release on his failure to register conviction. *See Pet. for Warrant or Summons for Offender Under Supervision* (ECF No. 144), 1:11-cr-00003-JAW-1. The Court addressed the applicability of a five-year mandatory term of imprisonment and a motion to suppress evidence. *Order on Mem. in Opp'n to the Gov't's Req. to Apply the Penalty Ranges under 18 U.S.C. § 3583(k)* (ECF No. 170); *R & R Decision on Mot. to Suppress* (ECF No. 186); *Order Adopting R & R Decision for Mot. to Suppress* (ECF No. 190). Mr. Goguen admitted the violations on September 15, 2017. *Min. Entry* (ECF No. 193). These issues are now resolved for purposes of his sentencing on the revocation petition, but the parties agreed that the Court should sentence Mr. Goguen the same time on the revocation petition and new criminal conduct.
    Though not directly related to this issue, Mr. Goguen also filed a habeas corpus petition regarding his original sentencing and first revocation on his failure to register conviction, and his habeas petition remains pending. *See Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 194); *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 253).

that one or more of the images involved a prepubescent minor or a minor who had not attained twelve years of age. *Prosecution Version* at 1 (ECF No. 62). Mr. Goguen therefore faces a maximum sentence of twenty years of imprisonment and he does not contest this conclusion.

If Mr. Goguen possessed an image of child pornography and if he had a qualifying prior conviction, he faces a mandatory minimum prison term of ten years and a maximum prison term of twenty years. Mr. Goguen challenges whether he has a qualifying prior conviction and thus whether he faces a ten-year mandatory minimum prison term under § 2252A(b)(2).

## II. THE CONTESTED ISSUES

### A. The Federal Enhancement

Section 2252A(b)(2) of title 18 contains the following language applicable to individuals convicted of the possession of child pornography:

> [I]f such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing sale, distribution, shipment, or transportation of child pornography, such person shall be . . . imprisoned for not less than 10 years nor more than 20 years.

### B. The Connecticut Sexual Assault Statute

The Presentence Investigation Report (PSR) reveals that in 1996, Mr. Goguen was convicted of sexual assault in the second degree under the laws of the state of Connecticut and on September 6, 1996, he was sentenced to ten years in state prison

with four years to serve and five years of probation.[2]  *PSR* ¶ 31.  The Connecticut

statute under which Mr. Goguen was convicted reads in part:

> (a) A person is guilty of sexual assault in the second degree when such
> person engages in sexual intercourse with another person and . . . (3)
> such other person is physically helpless.

Conn. Gen. Stat. § 53a-71(a)(3).  The Connecticut statute defines "physically

helpless":

> "Physically helpless" means that a person is (A) unconscious, or (B) for
> any other reason, is physically unable to resist an act of sexual
> intercourse or sexual contact or to communicate unwillingness to an act
> of sexual intercourse or sexual contact.

*Id.* § 53a-65(6).

To determine whether Mr. Goguen's prior Connecticut conviction of sexual

assault in the second degree from 1996 relates to "sexual abuse" as stated in §

2252A(b)(2), the Court must address the following sub-issues raised by the parties:

> (1) Whether the Court must use the categorical approach to determine
> if Mr. Goguen's Connecticut conviction is a qualifying predicate conviction
> for § 2252A(b)(2)'s sentencing enhancement.

> (2) The impact of the "relating to" language in § 2252A(b)(2) on what
> convictions fall under the purview of "sexual abuse".

> (3) How should "sexual abuse" be defined -- by looking at its plain
> meaning or referencing § 2242 -- and does either definition change
> whether Mr. Goguen's prior conviction qualifies as predicate
> conviction under § 2252A(b)(2)?

> (4) The definition of "sexual abuse" under § 2242.

## III.  PARTIES' POSITIONS

---

[2]      Mr. Goguen concedes that in 1996, he was convicted in the state of Connecticut of violating
Connecticut General Statute § 53a-71(a)(3), sexual assault in the second degree.  *Def.'s Mem.* at 3.

### A.    Mr. Goguen's Memorandum

Mr. Goguen argues that the mens rea requirement for his prior Connecticut conviction and the mens rea requirement under § 2252A(b)(2) are different, and as a result, his Connecticut conviction does not constitute a qualifying prior offense for application of the ten-year mandatory minimum under § 2252A(b)(2). *Def.'s Mem.* at 1-2. Mr. Goguen contends that for his 1996 Connecticut conviction to constitute a qualifying offense under § 2252A(b)(2), it must "relate" to "sexual abuse", which under federal law, requires a mens rea of "knowingly". *Id.* at 2-4 (quoting § 2242).

Mr. Goguen asserts that under Connecticut law there is no mens rea requirement; instead, one is guilty of sexual assault in the second degree when that person engages in sexual intercourse with another person who is physically helpless. *Id.* at 3-4 (quoting CONN. GEN. STAT. § 53a-71(a)(3)). Mr. Goguen argues that because Connecticut does not require the state to show a defendant engaged in sexual intercourse with a person under the age of sixteen whom the defendant knew was underage, only that a defendant knowingly in engaged in sexual intercourse with a person who was not yet sixteen, that it stands to reason that there is no "knowing" mens rea as to whether the person is physically helpless. *Id.* at 4. He cites *United States v. Bruguier*, 735 F.3d 754, 758, 760-61 (8th Cir. 2013), for the proposition that "knowingly" in § 2242(2) applies to both the engagement in the sexual act and the awareness that the participant is helpless. *Id.* at 5-6. In Mr. Goguen's view, because his prior Connecticut conviction requires a lesser degree of mens rea than the federal offense, the conviction is not a qualifying conviction under § 2252A(b)(2).

## B.     The Government's Position

The Government responds that the "relating to" language of § 2252A(b)(2) should be treated broadly and while §§ 2242(2) and 2252A(b)(2) provide some guidance on what "sexual abuse" means, the term "sexual abuse" for the purposes of the sentence enhancement of § 2252A(b)(2) is not defined by reference to § 2242(2)'s definition of sexual abuse. *Government's Opp'n* at 4-5.   Consequently, the Government argues that "sexual abuse" for the purposes of § 2252A(b)(2) should be given a common meaning without tethering it to § 2242(2)'s definition of sexual abuse. *Id.* at 5 (citing *United States v. Mateen*, 806 F.3d 857, 860-61 (6th Cir. 2015)).   Under this approach, the Government sets forth the *Mateen* Court's definition of sexual abuse: "use or treatment of so as to injure, hurt, or damage for the purpose of sexual or libidinal gratification." *Id.* at 6 (quoting *Mateen*, 806 F.3d at 861).

The Government asserts that under the categorical approach Mr. Goguen's prior Connecticut conviction is nevertheless equivalent to § 2242(2)'s definition of sexual abuse, and falls under the broader definition of sexual abuse in § 2252A(b)(2). *Id.*   The Government points to this Court's previous conclusion that Mr. Goguen's Connecticut conviction is comparable to the federal sexual abuse statute listed in Tier III of the Sex Offender Registration and Notification Act (SORNA). *Id.* at 7 (citing *United States v. Goguen*, 218 F. Supp. 3d 111, 123 (D. Me. 2016)).

The Government opposes Mr. Goguen's use of *Bruguier*. *Id.* at 8-9.   In the Government's view, the *Bruguier* dissent presents the more compelling view of "knowingly" in § 2242(2). *Id.* at 9-10.   The Government supports the dissent's reliance

on *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994) in concluding that the plain reading and statutory interpretation of § 2242(2) does not require a defendant to know the victim's incapacitation. *Id.* at 9-11.

Alternatively, the Government contends that the Court is not bound by the categorical approach in determining whether Mr. Goguen's Connecticut conviction relates to sexual abuse under § 2242(2). *Id.* at 12-13. The Government highlights *United States v. Sullivan*, 797 F.3d 623, 637 (9th Cir. 2015), where the Ninth Circuit concluded that the "relating to" language broadened the applicability of the sentencing enhancement to "any state offense that stands in some relation, bears up, or is associated with that generic offense." *Id.* at 14 (internal citations and quotations omitted). Although the California state conviction in that case lacked a mens rea element, the *Sullivan* Court concluded that the defendant's state convictions related to sexual abuse as that phrase is ordinarily understood. *Id.* at 14-15 (citing *Sullivan*, 797 F.3d 641). The Government argues similarly that, even if § 2242(2) requires the offender to know that the victim is helpless and Connecticut's sexual assault in the second degree does not, Mr. Goguen's Connecticut conviction constitutes a qualifying conviction because the Connecticut offense relates to sexual abuse given its effect on the victim. *Id.* at 16-17.

### C.  Mr. Goguen's Reply

In his reply, Mr. Goguen asserts that all the courts that have addressed the issue start with the categorical approach, and that this Court's analysis should end with the categorical approach under which Mr. Goguen's prior Connecticut conviction

does not categorically trigger the sentencing enhancement of § 2252A(b)(2). *Def.'s Reply* at 1-3. If the Court were to go beyond the categorical approach, Mr. Goguen argues that the Connecticut statute is not related to a generic sexual abuse given that it contains no elements of force or compulsion that would injure, hurt, or damage the other participant, distinguishing it from the sexual abuse definition provided by the *Mateen* Court, which the Government cited to provide a common definition of sexual abuse. *Id.* at 5-6; *see also Government's Opp'n* at 6.

## IV. DISCUSSION

Section 2252A(b) provides an enhanced penalty for someone who possesses child pornography and who has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography. . . ." 18 U.S.C. § 2252A(b)(2).[3] For violations of § 2252A(a)(5), possession of child pornography, there is no mandatory minimum prison term and the maximum is not more than ten years unless the person has a prior conviction, and then the statute imposes a ten-year mandatory minimum and a twenty-year maximum. § 2252A(b)(2).

---

[3] Though not directly relevant here, § 2252A provides for a somewhat elaborate set of penalties depending on the nature of the crime and the defendant's prior history. If a defendant violates subparagraphs 1 through 4 or 6 of subparagraph a, which address such offenses as mailing, receiving or distributing, reproducing, selling, or inducing a minor to become involved in child pornography, there is a five-year mandatory minimum prison and a twenty-year maximum prison term. §§ 2252A(a)(1)-(4), (6); 2252A(b)(1). Having committed any of these offenses, if the defendant has a prior sexual abuse conviction, the statute imposes a fifteen-year mandatory minimum prison term and a forty-year maximum prison term. *Id.* These provisions do not apply to Mr. Goguen because he was convicted federally of violating § 2252A(a)(5), the possession of child pornography, which is covered by a separate penalty provision, § 2252A(b)(2).

In 1996, Mr. Goguen was convicted of sexual assault in the second degree, which, pursuant to § 53a-71(a)(3) of the Connecticut General Statutes, was defined as, "[a] person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is physically helpless . . . ."

## A.    Categorical Approach

Mr. Goguen asserts that the courts that have dealt with this issue have used the categorical approach, and under the categorical approach, his prior Connecticut conviction is not a valid qualifying offense for § 2252A(b)(2).  Mr. Goguen argues that, unlike the definition of a federal offense of sexual abuse, the Connecticut statute does not require the mens rea element of "knowingly" and therefore, the offenses are not categorically related.  The Government contends that the Court may proceed past the categorical approach because of § 2252A(b)(2)'s "relating to" language, and highlights the Ninth Circuit's approach in *Sullivan*, where the *Sullivan* Court, although it began with the categorical approach, stated "the federal statutes here do not require us to find that the state conviction is categorically the same as any particular federal offense, but only that the state conviction is one categorically 'relating to' such federal offenses."  *Sullivan*, 797 F.3d at 637.  Mr. Goguen replies that all the circuits that have dealt with this issue started with the categorical approach, and he argues given that Connecticut General Statutes § 53a-71(a)(3) is not divisible, the Court's analysis should end with the categorical approach.

The Court begins with the categorical approach.  Although the First Circuit

has not squarely dealt with the issue, its precedent supports the conclusion that use of the categorical approach is correct. In *United States v. Morales*, the First Circuit -- in the context of determining whether a prior state conviction was "comparable to or more severe than" one of the offenses listed in Tier III of the SORNA -- discussed what analytic framework should apply when comparing state and federal statutes. 801 F.3d 1, 4-5 (1st Cir. 2015). Drawing from *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Taylor v. United States*, 495 U.S. 575 (1990), the First Circuit noted there are three main justifications for using the categorical approach when analyzing an indivisible predicate statute (as here). *Id.* at 5. First, where Congress uses the term "convictions" rather than a phrase such as "has committed" "implie[s] that Congress was focused on a defendant's convictions irrespective of the underlying facts." *Id.* (internal quotations omitted) (citing *Descamps*, 133 S. Ct. at 2287-89 (citing *Taylor*, 495 U.S. at 600)). Second, if there are concerns over violating the Sixth Amendment's right to a jury trial by engaging in fact-finding inquiries on predicate offenses. *Id.* (citing *Descamps*, 133 S. Ct. at 2288-89). Lastly, "a categorical approach eschew[s] the possibility of any mini- or collateral-trial at sentencing to probe the predicate offense." *Id.* (citing *Descamps*, 133 S. Ct. at 2289).

Section 2252A(b)(2) provides "if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct . . . such person shall be . . . imprisoned for not less than 10 years nor more than 20 years." As just noted, Congress' use of the term, "conviction," suggests that courts should focus on the predicate statute as the basis for the defendant's

conviction, not on the underlying facts of the crime. Mr. Goguen's conviction is twenty-two years old. The Court does not know the extent to which it would have to engage in fact-finding about this old conviction at the sentencing hearing for his new conviction, however, given the age of the predicate conviction and its sentencing implications, a hearing would likely prove problematic. The second (Sixth Amendment) and third (trial within a sentencing hearing) justifications for using the categorical approach are also relevant.

Further, all the cases cited by the parties begin the analyses with the categorical approach. *See United States v. Geasland*, 694 F. App'x 422, 434-35 (7th Cir. 2017); *United States v. Bennett*, 823 F.3d 1316, 1320 (10th Cir. 2016); *Mateen*, 806 F.3d at 860-61; *Sullivan*, 797 F.3d at 635-36; *United States v. Barker*, 723 F.3d 315, 320-21 (2d Cir. 2013); *United States v. Colson*, 683 F.3d 507, 510-11 (4th Cir. 2012).[4]

_____

[4]      The statute in *Mateen*, *United States v. Osborne*, 551 F.3d 718 (7th Cir. 2009), and *Sullivan* was 18 U.S.C. 2252 (pertaining to certain activities relating to material involving the sexual exploitation of minors); here the relevant statute is 18 U.S.C. § 2252A (pertaining to certain activities relating to material constituting or containing child pornography). The statutes deal with similar crimes and largely track each other. More importantly, both contain sentencing enhancements predicated on prior convictions relating to the relevant criminal conduct of that given statute. *Compare* § 2252(b)(2) ("Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of Title 10 . . . or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years") *with* § 2252A(b)(2) (Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 . . . or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or

11

Under the categorical approach, a court assumes that the state statute of conviction "rested upon [nothing] more than th[e] least of the acts criminalized." *United States v. Mulkern*, 854 F.3d 87, 90 (1st Cir. 2017) (internal quotations omitted) (citing *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013)). The court then compares the state statute of conviction's elements with the pertinent definitions under the federal law. *Id.* This requires looking at "whether the state statute defining the crime of conviction categorically fits within the generic federal definition [.]" *Sauceda v. Lynch*, 819 F.3d 526, 530 n.4 (1st Cir. 2016) (citing *Moncrieffe*, 133 S. Ct. at 1684 (quoting *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 186 (2007))). If there is a match, the state conviction is a predicate offense. *Moncrieffe*, 133 S. Ct. at 1684.

### 1. "Relating to" Language in § 2252A(b)(2)

In making its argument that the Court is not necessarily bound to a strict categorical approach, the Government professes that the "relating to" language in § 2252A(b)(2) alters the analytical calculus insofar as courts have concluded that the inclusion of the "relating to" phrase does not require that the elements of the state offense be the categorical equivalent to a federal offense or the generic sexual abuse because of its broadening effect. *Government's Opp'n* at 6. Mr. Goguen contends that, as in *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015), Congress narrowed the implication of "relating to" by specifically listing federal offenses that trigger the mandatory minimum. *Def.'s Reply* at 5-6.

---

abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years"). Given these similarities, the analyses for either statute is instructive.

In *Mellouli*, the United States Supreme Court concluded that a Tunisian citizen was not removable based on his state drug conviction because the state statute at issue contained controlled substances beyond those on the federal list of controlled substances. 135 S. Ct. at 1983-84. The Supreme Court limited the predicate conviction only to those that involved drugs defined in 21 U.S.C. § 802. *Id.* at 1990-91. The Supreme Court, after acknowledging the broadening effect of the phrase, "relating to," wrote that "'[c]ontext' . . . may 'tug . . . in favor of a narrower reading.' Context does here." *Id.* at 1990. The Supreme Court reviewed the "historical background" of § 1227(a)(2)(B)(i) and concluded that "Congress and the BIA have long required a direct link between an alien's crime of conviction and a particular federally controlled drug." *Id.*

At the same time, the *Mellouli* Court conceded that the words "relating to," are regularly recognized as broad in meaning. *See e.g.*, *id.* at 1990 ("We recognize, too, that the § 1227(a)((2)(B)(i) words to which the dissent attaches great weight, *i.e.*, 'relating to,'. . . are 'broad' and 'indeterminate'"); *Dist. of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 129 (1992); *Geasland*, 694 F. App'x at 436; *United States v. Caldwell*, 655 F. App'x 730, 733 (11th Cir. 2016); *Bower v. Egyptair Airlines Co.*, 731 F.3d 85, 95 (1st Cir. 2013). The First Circuit has yet to rule definitively on the impact of the phrase "related to" in this context.

In the absence of direct First Circuit authority, the Court concludes that "relating to" has a broadening effect on § 2252A(b)(2). The Court of Appeals for the Tenth Circuit's decision in *United States v. Bennett* is instructive on the differences

between § 2252A(b)(2) and 8 U.S.C. § 1227(a)(2)(B)(i), the statute in *Mellouli*. 823 F.3d at 1322-23. The Tenth Circuit observed that the rationale in *Mellouli* concerning the impact of "relating to" was grounded in the text and history of the statute. *Id.* at 1332 ("*Mellouli* was decided, not on the definition of 'relating to,' but on the particular removal statute's surrounding text and history").

In contrast to § 1227(a)(2)(B)(i), however, the *Bennett* Court concluded that "neither the text nor the history of the enhancement statute, 18 U.S.C. § 2252A(b)(2), suggest Congress intended to reference only state child pornography offenses that match the federal child pornography offense in the same way Congress intended to reference only state drug offenses involving substances defined in § 802." *Id* at 1323. Thus, the text of § 2252A(b)(2) does not suggest a narrow reading with the inclusion of a direct qualification. *Compare* § 1227(a)(2)(b)(i) ("[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (*as defined in section 802 of Title 21*) (emphasis added), *with* § 2252A(b)(2) ("if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct . . .").

Unlike § 1227(a)(2)(b)(i), there is also no internal structural coherence rationale supporting the view that § 2252A(b)(2)'s "relating to" should be limited. *Bennett*, 823 F.3d at 1324 ("[b]ecause federal law only reaches federally-defined

substances, a narrow reading of 'relating to' is required [in § 1227(a)(2)(b)(i)], or else 'relating to' would have two meanings at once.  In contrast, § 2252A(b)(2) does not group state and federal convictions together").

Moreover, although the First Circuit has yet to express its position, in addition to the Tenth Circuit, the Sixth, Eighth, Ninth, and Eleventh Circuits have found "relating to" has a broadening effect in this context.  *Id.* (citing *United States v. Miller*, 819 F.3d 1314, 1317 (11th Cir. 2016); *United States v. Sumner*, 816 F.3d 1040, 1044 (8th Cir. 2016); *Sullivan*, 797 F.3d at 638; *Mateen*, 806 F.3d at 860-61; *see Geasland*. 694 F. App'x at 438 ("Presumably, the 'relating to' language of § 2252(b)(2) suggests that the relevant federal offense should be treated as an illustrative example of a particular category of abusive conduct; the question then becomes whether the defendant's prior conviction, as the State defined it, falls into the same category even if not all elements of the state offense match those of the illustrative federal offense"); *United States v. Clark*, No. 2:11-cr-0173-LRS-1, 2016 U.S. Dist. LEXIS 172328, at *12 (E.D. Wash. Dec. 13, 2016) ("[T]here is nationwide agreement post-*Mellouli* that 'relating to' has an expansive meaning in this context").[5]

### 2.    Definition of Sexual Abuse for § 2252A(b)(2)

To determine whether Mr. Goguen's prior Connecticut conviction is a qualifying conviction for § 2252A(b)(2) purposes under the categorical approach, the next question is how the Court should define "sexual abuse."

Mr. Goguen argues that the Court should look to § 2242, which defines sexual

---

[5]    In his reply, Mr. Goguen concedes this point.  *Def.'s Reply* at 2 ("The Tenth Circuit in [*Bennett*] set forth the analysis that appears to be followed by all Circuits that have addressed this issue").

abuse as:

> Whoever . . . knowingly (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping); or (2) engages in a sexual act with another person if that other person is-- (A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act.

The Government asserts sexual abuse should be given its common meaning, distinct from § 2242. In the Government's view, the Court should define "sexual abuse" as the Sixth Circuit did in *Mateen*: the "use or treatment of so as to injure, hurt, or damage for the purpose of sexual or libidinal gratification." 806 F.3d at 861. Alternatively, the Government says, Mr. Goguen's prior Connecticut conviction still relates to "sexual abuse" as defined by § 2242.

The Second, Sixth, Ninth, and Eleventh Circuits concluded that, absent a statutory definition, courts should use the plain meaning of a word when the applicable statutes lists generic offenses as the basis for an enhancement. *United States v. Johnson*, 681 F. App'x 735, 739 (11th Cir. 2017) (quoting *United States v. Ramirez-Garcia*, 646 F.3d 778, 783 (11th Cir. 2011) ("we define non-traditional generic offenses in federal sentencing enhancement statutes based on the 'ordinary, contemporary, and common meaning' of the statutory words")); *Sullivan*, 797 F.3d 623, 636-37 (defining sexual abuse by its ordinary and commonsense meaning); *Mateen*, 806 F.3d at 859-63; *United States v. Barker*, 723 F.3d 315, 322-24 (2d Cir. 2013) (determining whether a previous state conviction constitutes a qualifying conviction necessitates a broad, plain reading of § 2252(b)(2)). In *United States v.*

*Wikkerink*, the Court of Appeals for the Fifth Circuit used Black's Law Dictionary to define "sexual abuse" in analyzing whether a defendant's prior aggravated incest conviction was a qualifying predicate conviction for § 2252A(b)(1)'s sentencing enhancement. 841 F.3d 327, 332 (5th Cir. 2016) (citation omitted).

In contrast, the Seventh Circuit, in *United States v. Osborne*, concluded that the term "abusive" in § 2252(b)(1) should be as defined in Chapter 109A of the federal criminal code (§§ 2241-48). 551 F.3d 718, 721 (7th Cir. 2009). According to the *Osborne* Court, since § 2252 contained no definition of "abusive", "as a matter of federal law, sexual behavior is 'abusive' only if it is similar to one of the crimes denominated as a form of 'abuse' elsewhere in Title 18." *Id.* at 721.

In *Lockhart v. United States*, 136 S. Ct. 958 (2016), the United States Supreme Court looked to §§ 2241-43 to determine whether the crimes listed in § 2252(b)(2) -- aggravated sexual abuse, sexual abuse, and abusive sexual conduct -- were modified by the phrase "involving a minor or ward" or if the phrase only modified abusive sexual conduct. *Id.* at 961-64. The *Lockhart* Court noted that "those sections mirror precisely the order, precisely the divisions, and nearly precisely the words used to describe the three state sexual-abuse predicate crimes in § 2252(b)(2) . . . [and] [t]his similarity appears to be more than a coincidence." *Id.* at 964; *see also Johnson*, 681 F. App'x at 740-43 (Martin, J., concurring) (stating *Lockhart* "strongly supports" the Seventh Circuits view but that because its holding "is not so 'clearly on point'" and because the Eleventh Circuit's practice of defining statutes with a plain meaning, that the Eleventh Circuit's conclusion was correct). In *United States v. Hebert*, the

Tenth Circuit looked to *Lockhart* and concluded that "we look to Chapter 109A for the definition of generic sexual abuse." 888 F.3d 470, 475 (10th Cir. 2018).

The First Circuit has yet to resolve this issue. In *United States v. Dean*, a court of this district discussed what "abusive sexual conduct" means within §§ 2252A(b)(1) and 2252(A)(b)(2) for the purposes of evaluating whether a defendant's prior Maine conviction triggered a sentencing enhancement. 00–cr–50–GZS, 2001 WL 184241, at *1-2 (D. Me. Feb. 22, 2001). The *Dean* Court noted that both paragraphs used the broad phrasing of "relating to." *Id.* The Court also observed that "[t]he federal statute does not explicitly define abusive sexual conduct, but it does offers some guidance on the meaning of the phrase." *Id.* The Court turned to §§ 2241-47 for definitional guidance. *Id.* at *3. The *Dean* Court concluded that the "[d]efendant's prior conviction, labeled unlawful sexual contact, closely resembles the federal crime of "abusive sexual contact", and therefore, the prior conviction was a qualifying offense for a sentencing enhancement. *Id.*

The Court acknowledges that there has been a river of decisional water under this jurisprudential bridge since 2001 when the *Dean* Court addressed the issue. Nevertheless, the Court need not rule definitively as to whether the narrower definition of § 2242 or the broader definition of the generic terms is proper, because even if the Court uses the narrower definition of "sexual abuse" under § 2242, Mr. Goguen's prior conviction fits within the statutory definition of § 2242.[6]

---

[6]     Although this Court's prior use of § 2242 in determining whether Mr. Goguen qualified as a Tier III sex offender was based in part on § 16911(4)(A)(I)'s directive to § 2242, a factor absent here, given the *Lockhart* rationale and this District's prior use of looking to Chapter 109A for definitional

### a. Definition of Sexual Abuse under § 2242

Pursuant to § 2242, Mr. Goguen contends the Connecticut statute has no mens rea requirement that a defendant know the person with whom he or she is engaging in a sexual act is helpless, whereas § 2242 imposes the mens rea requirement of "knowingly" engaging in the sexual act with a helpless person. Mr. Goguen supports this contention by citing *Bruguier*, 735 F. 3d at 758, 760-61. The Government counters that this decision is not binding on this Court, and that in any event, the *Bruguier* Court's rationale as it pertains to the impact of "knowingly" on the § 2242 text is unpersuasive in light of relevant Supreme Court precedent, as argued by the *Bruguier* dissent.[7]

The Court agrees with the Government. In *X-Citement Video*, 513 U.S. at 68, the Supreme Court faced § 2252 in the context of deciding whether the word "knowingly" "modifies the phrase 'the use of a minor' in subsections (1)(A) and (2)(A)." The Supreme Court stated that the most natural grammatical reading of the statute is that "knowingly" modifies only the surrounding verbs of the statute, not the elements within the statute "set forth in independent clauses separated by interruptive punctuation." *Id.* Yet the *X-Citement Video* Court went beyond this natural grammatical reading because "of anomalies which result from this construction, and because of the respective presumptions that some form of scienter is to be implied in a criminal statute even if not expressed, and that a statute is to be

---

guidance, this approach has the added advantage in not presenting an apparent inconsistency with the Court's earlier decision where it looked to § 2242 to evaluate Mr. Goguen's Connecticut conviction.

[7] The Court focuses its analysis on § 2242(2) because the parties focus their arguments on § 2242(2). *Def.'s Mem.* at 3-6; *Government's Opp'n* at 6.

construed where fairly possible so as to avoid substantial constitutional questions." *Id.* at 68-69. The *X-Citement Video* Court did so because the natural grammatical reading would: (1) produce absurd results, such as criminalizing innocent conduct; (2) present First Amendment issues because broadening the statute too far could include conduct and persons who may use non-obscene, sexually explicit materials; (3) and the Court previously "interpret[ed] criminal statutes to include broadly applicable scienter requirements, even where the statute by its terms does not contain them." *Id.* at 69-73.

However, as the *Bruguier* dissent points out, these concerns for diverging from the natural interpretation are not present with § 2242. *Bruguier*, 735 F.3d at 777-78 (Murphy, J., concurring and dissenting in part). The first concern appears inapplicable and the second definitely is. *Id.* at 777 ("Neither concern exists with respect to § 2242(2)"). The *X-Citement Video* Court was worried that completely innocent parties could be found liable under § 2252. *X-Citement Video, Inc.*, 513 U.S. at 69 ("Some applications of [following the natural grammatical reading of § 2252] would produce results that were not merely odd, but positively absurd . . . . [A] new resident of an apartment might receive mail for the prior resident and store the mail unopened. If the prior tenant had requested delivery of materials covered by § 2252, his residential successor could be prosecuted for 'knowing receipt' of such materials"). In contrast, § 2242(2) does not present a concern of sweeping innocent parties under its scope and producing "positively absurd" results. *Id.* It is difficult to conceive of a situation where a person who engages in sexual act(s) with an individual "incapable

of appraising the nature of the conduct" or physically unable or incapable of communicating his or her unwillingness to engage in the sexual act would have "no idea that they were even dealing with" such a helpless individual. *Id.*

As to the second concern, there is no First Amendment issue here.

As for the third issue, in *X-Citement Video*, the Supreme Court stated "that a presumption of adding a mens rea requirement does not apply where 'the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age.'" *Bruguier*, 735 F.3d at 777-78 (Murphy J., concurring and dissenting in part) (quoting *X-Citement Video*, 513 U.S. at 72 n.2).[8]  For example, the presumption does not apply to child pornography producers who "are more conveniently able to ascertain the age of performers [and] thus it makes sense to

---

[8]     The portion of § 2252(a)(1)-(2) the *X-Citement Video* Court dealt with was:

(a) Any person who—

"(1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—

"(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

"(B) such visual depiction is of such conduct;

"(2) knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if—

"(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

"(B) such visual depiction is of such conduct . . .

"shall be punished as provided in subsection (b) of this section."

impose the risk of error on producers." *X-Citement Video*, 513 U.S. at 76 n.5. No presumption of adding a mens rea requirement similarly arises in § 2242 because "[i]t makes sense to impose the risk of error on aggressors who engage in sexual acts with incapacitated victims because the perpetrator confronts the victim personally and may reasonably be required to ascertain that victim's capacity or incapacity." *Bruguier*, 735 F.3d at 777 (internal quotations omitted) (Murphy J., concurring and dissenting in part) (citing *X-Citement Video*, 513 U.S. at 72 n.2, 76 n.5)). That is why the Supreme Court has "long recognized an exception from traditional mens rea requirements for 'sex offenses, such as rape,' in which the victim's status rather than the defendant's knowledge is determinative." *Id.* (quoting *Morissette v. United States*, 342 U.S. 246, 251 n.8 (1952)).

Finally, the statutory history suggests that Congress did not intend for "knowingly" to attach to the defendant's awareness of the victim's incapacity given that, when initially proposed, § 2242 included language requiring that the person committing the sexual act against the other person know that the other person was incapable of understanding the nature of the act or being unable to decline or communicate disinclination to participating in the act, but it was subsequently taken out. *See id.* at 779-82 (discussing the legislative history of § 2242).[9]

---

[9]     The majority in *Bruguier* cites *Flores–Figueroa v. United States*, 556 U.S. 646 (2009) largely for its conclusion that "knowingly" applies to each element of § 2242. *Id.* at 761 (majority opinion). However, as the majority in *Bruguier* noted, *Flores–Figueroa* relies heavily on *X-Citement Video*. *Id.* at 758 n.3 (citing *Flores–Figueroa*, 556 U.S. at 652-53). But as the Court has explained, *X-Citement Video* supports the conclusion that "knowingly" does not apply to every element of § 2242. The *Bruguier* majority reads *Flores–Figueroa's* view that courts should usually "read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element." *Id.* at 762 (citing *Flores–Figueroa*, 556 U.S. at 652) (citing *X-Citement Video*, 513 U.S. at 79) (Stevens, J., concurring)). Yet, in *X-Citement Video*, which *Flores–Figueroa* cites for this general

## B.     Analysis: Whether the Connecticut State Conviction Relates to the Federal Statute Applying the Categorical Approach

With these definitions in mind, the Court inspects the elements of section 53a–71(a)(3) and § 2242(b)(2) under the categorical approach to determine whether Mr. Goguen's prior conviction qualifies as a sentencing enhancer under § 2252A(b)(2).  An individual violates Connecticut General Statute § 53a-71(a)(3) when "such person engages in sexual intercourse with another person and: . . . (3) such other person is physically helpless." *Goguen*, 218 F. Supp. 3d at 121-22 (quoting CONN. GEN. STAT. § 53a-71(a)(3)).[10]  As this Court noted in *Goguen*, the Connecticut Supreme Court defined § 53a-71 as "a general intent offense, meaning that the crime only requires the actor to possess 'a general intent to perform the acts that constitute the elements of the offense.'" *Id.* at 121 (quoting *State v. Sorabella*, 277 Conn. 155, 168, 891 A.2d 897 (2006)).

Guided by the Connecticut Supreme Court clarification in *Sorabella*, this Court concluded that the elements of the Connecticut sexual assault in the second degree

---

rule, the Supreme Court stated that the different mens rea requirements between §§ 2251 and 2252 "reflects the reality that producers are more conveniently able to ascertain the age of performers." *X-Citement Video*, 513 U.S. at 76 n.5.  In other words, while the courts should begin with applying "knowingly" to every element in a criminal statute as general rule, this rule gives way to contexts where the offender directly encounters the risk of his or her actions by, for example, engaging in a sexual act with another person who is incapable of appraising the nature of the act or unable to decline or communicate his or her unwillingness to engage in said act. *See United States v. Tavares*, 705 F.3d 4, 18-20 (1st Cir. 2013) (citations omitted) (rejecting defendant's argument that *Flores–Figueroa* compels that the knowingly mens rea extends to the victim's age in § 2423 because "the context of § 2423(a) compels a reading of the statute that does not require 'knowingly' to be applied to the victim's age" given that the defendant "bear[s] the risk that the person transported is underage" insofar as one "would presumably know he is treading close to the line in transporting a young person to engage in illicit sexual activity").

[10]     The Connecticut definition of "physically helpless" includes "sexual contact" as well as "sexual intercourse", CONN. GEN. STAT. § 53a-65, but Mr. Goguen was convicted under § 53a-71(a)(3), which addresses only sexual intercourse.

statute (as related to a physically helpless person) were that "the person (1) knowingly engages in (2) sexual intercourse with another person who is, in fact, (3) physically helpless, meaning that the person was either unconscious or, for any other reason, physically unable to resist the act of sexual intercourse or to communicate unwillingness to an act of sexual intercourse." *Id.* at 122 (citing CONN. GEN. STAT. §§ 53a-71(a)(3); 53a-65).[11]

A person is guilty of the federal offense of sexual abuse when he or she (1) knowingly engages in (2) a sexual act with another person who is (3) incapable of appraising the nature of the conduct, or declining participation in, or communicating unwillingness to engage in, the sexual act. § 2242(2). As the Court discussed in *Goguen*, 218 F. Supp. at 122, "[t]he elements of each statute, although not precisely identical, are strikingly similar [and] [o]nly element (2) contains a difference of potential significance."

While the Connecticut statute criminalizes sexual intercourse and the federal statute prohibits "sexual act", these differences encompass substantially the same conduct. *Id.* (discussing the definitions of "sexual intercourse" under Connecticut law and "sexual act" under federal law, and finding that while "Connecticut's definition of sexual intercourse requires no "intent to abuse, humiliate, harass, degrade, or

---

[11] The Connecticut statutory definition of "physically helpless" is set forth in Connecticut General Statutes section 53a-65(6): "'Physically helpless' means that a person is (A) unconscious, or (B) for any other reason, is physically unable to resist an act of sexual intercourse or sexual contact or to communicate unwillingness to an act of sexual intercourse or sexual contact." The Connecticut courts also require "the intent to do some act coupled with a reckless disregard of the consequences . . . of that act." *State v. James*, 327 Conn. 212, 223, 173 A.3d 380 (2017) (quoting *State v. Na'im*, 288 Conn. 290, 297, 952 A.2d 755 (2008)); *Sorabella*, 277 Conn. at 172-73. To prove a violation of section 53a-71(a) requires that the state prove beyond a reasonable doubt that the defendant knowingly engaged in sexual intercourse and that the victim was physically helpless within this definition.

arouse or gratify the sexual desire of any person" that does not mean the statutes are not "comparable" (internal quotations omitted)).

Mr. Goguen was convicted in Connecticut in 1996 of having sexual intercourse with a person who was physically helpless, *see* CONN. GEN. STAT. § 53a-71(a)(3), and Connecticut law defined "physically helpless" as the person either being "unconscious" or "physically unable to resist . . . or to communicate unwillingness to an act of sexual intercourse . . . ." CONN. GEN. STAT. § 53a-65(6). This means that under Connecticut law, to prove that Mr. Goguen violated this statute, the state had to prove beyond a reasonable doubt that Mr. Goguen knew he was having sexual intercourse and that the person was physically helpless: either unconscious or physically unable to resist or to communicate unwillingness. As with § 2242, it is difficult to conceive of a situation where the state of Connecticut proved beyond a reasonable doubt that a person knowingly engaged in sexual intercourse and also proved beyond a reasonable doubt that the other person was physically helpless but that the defendant did not know that the person with whom he was having sexual intercourse was in fact physically helpless. Just as Mr. Goguen's Connecticut conviction was "comparable to" the federal sexual abuse statute listed in Tier III of SORNA, his prior conviction "relates to" sexual abuse as defined under § 2242.

In sum, under the categorical approach, comparing the elements of both the state and federal provisions and applying an expansive view of the "related to" requirement, the Court concludes that Mr. Goguen's Connecticut sexual assault in the second degree conviction "relates to" sexual abuse, as defined under § 2242, and

thus, because it is a law of a state that relates to sexual abuse, Mr. Goguen's 1996 Connecticut conviction is a qualifying prior conviction for § 2252A(b)(2)'s sentencing enhancement.

## V.    CONCLUSION

Robert Goguen's 1996 Connecticut conviction for sexual assault in the second degree is a qualifying predicate conviction for the applicable sentencing enhancement under § 2252A(b)(2) and he is subject to a mandatory minimum of ten years in prison.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2018