**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

UNITED STATES OF AMERICA    )
                            )    1:11-cr-00003-JAW
       v.                   )    1:16-cr-00167-JAW
                            )
ROBERT GOGUEN               )

**ORDER ON DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

A defendant who pleaded guilty to one charge of possession of child pornography moves to withdraw his guilty plea, arguing primarily that his guilty plea was not made knowingly, intelligently, and voluntarily and that he received ineffective assistance of counsel. Given the record and the defendant's own representations to the Court, the Court concludes the defendant failed to meet his burden to demonstrate a fair and just reason to withdraw his guilty plea.

## I.    BACKGROUND

### A. *United States v. Goguen – 1:11-cr-00003-JAW*

On January 12, 2011, a federal grand jury indicted Robert Frederick Goguen for failure to register as a sex offender. *Indictment* (ECF No. 1). On July 14, 2011, Mr. Goguen pleaded guilty to the charge in the indictment, *Min. Entry* (ECF No. 43), and on September 14, 2012, the Court sentenced Mr. Goguen to sixteen months of incarceration, three years of supervised release, a $100 special assessment, and no fine. *J.* (ECF No. 80). On January 31, 2013, the Court entered an amended judgment adding twenty-one months to Mr. Goguen's period of incarceration, for a total of

thirty-seven months. *Am. J.* (ECF No. 90). Mr. Goguen did not file a direct appeal of his conviction or sentence to the Court of Appeals for the First Circuit.[1]

Mr. Goguen was released from incarceration and placed on supervised release on May 11, 2013. *Request for Modifying the Conditions or Term of Supervision* (ECF 93). The United States (Government) alleged that he violated his supervised release on August 5, 2013, by viewing pornographic videos at the Penobscot County Judicial Center's law library. *Pet. for Warrant or Summons for Offender Under Supervision* (ECF No. 96). On September 23, 2013, he admitted to the violation, *Min. Entry* (ECF No. 112), and the Court revoked supervised release, sentencing Mr. Goguen to imprisonment for five months and supervised release for thirty-one months. *Revocation J.* (ECF No. 113).

After the revocation hearing and sentencing, on October 1, 2013, Mr. Goguen filed a notice of appeal for the revocation judgment, *Notice of Appeal* (ECF No. 116), and a motion for the Court to appoint new counsel. *Pro Se Mot. to Appoint New Counsel* (ECF No. 117). He claimed that his waiver of rights at the revocation hearing was not knowing and voluntary and that the Court erred in imposing a sex offender

---

[1] While Mr. Goguen did not directly appeal his sentence, he filed a habeas corpus petition to vacate, set aside, or correct his sentence for the failure to register as a sex offender pursuant to 28 U.S.C. § 2255. *Mot. to Vacate, Set Aside, or Correct Sentence* (ECF No. 194). He filed this petition on December 15, 2017, over five years after the original judgement for failing to register. *Id.* Mr. Goguen filed a motion to stay and amend the § 2255 motion on August 21, 2018. *Mot. for Stay and Abeyance* (ECF No. 248). The Court denied the motion to stay on September 11, 2018. *Order on Mot. to Amend (ECF No. 215) and Mot. to Stay (ECF No. 248)* (ECF No. 251). On February 7, 2019, the Court affirmed the recommended decision by the Magistrate Judge, denying Mr. Goguen's § 2255 motion. *Order Affirming Recommended Decision on U.S.C. § 2255 Motion* (ECF No. 280). Four days later, on February 11, 2019, Mr. Goguen filed a notice of appeal to the order denying his § 2255 motion. *Notice of Appeal* (ECF No. 281). This appeal is pending in the Court of Appeals for the First Circuit. *Goguen v. United States*, No. 19-1164 (1st Cir.).

treatment condition as one of the conditions of his supervised release. *J. of Ct. of Appeals for the First Circuit* (ECF No. 142). Then, on October 28, 2013, Mr. Goguen filed a motion for reconsideration. *Mot. for Recons.* (ECF No. 125). On January 10, 2014, Mr. Goguen filed a self-styled motion for notice of appeal consideration and possible appointment of counsel. *Mot. for Notice of Appeal Consideration and Possible Appointment of Counsel* (ECF No. 133). While the appeal was pending before the First Circuit, the Court dismissed without prejudice Mr. Goguen's motion for reconsideration, motion for notice of appeal consideration, and motion to appoint counsel. *Order on Mot. for Recons., Mot. for Possible Appointment of Counsel, and Mot. for Release of Seized Property* (ECF No. 140). On October 9, 2014, the First Circuit affirmed the Court's revocation judgment. *J. of Court of Appeals for the First Circuit* (ECF No. 142).

Mr. Goguen's second supervised release began on January 15, 2014. *Pet. for Warrant or Summons for Offender Under Supervision* (ECF No. 144). The Magistrate Judge issued an arrest warrant for Mr. Goguen on November 13, 2015, due to an alleged violation of supervised release. *Arrest Warrant* (ECF No. 146). On September 15, 2017, Mr. Goguen admitted to violating the conditions of his supervised release in a partial final revocation hearing. *Min. Entry* (ECF No. 193). A final revocation hearing for the imposition of a sentence on the supervised release violation was scheduled for February 13, 2019, but it was cancelled on February 7, 2019. *Notice of Hr'g on Mot.* (ECF No. 276); *Notice of Cancelled Hr'g* (ECF No. 279). There has been no final revocation hearing on this matter.

**B.** *United States v. Goguen – 1:16-cr-00167-JAW*

On December 14, 2016, a federal grand jury indicted Mr. Goguen for possession of child pornography depicting prepubescent minors or minors under twelve years old, an alleged violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A). *Indictment* (ECF No. 1).  On September 15, 2017, after a motion to suppress evidence and a motion in limine were resolved, Mr. Goguen pleaded guilty to this charge.  *Min. Entry* (ECF No. 64).  Attorney Tzovarras, Mr. Goguen's former counsel, repeatedly moved to extend the time for filing objections to the presentence report and to continue the sentencing hearing.  *Def.'s Mot. for Enlargement of Time for Initial Disclosure of Pre-Sentence Report* (ECF No. 68); *Def.'s Mot. for Extension of Time to File Objs. to PSR Before Initial Disclosure to Ct.* (ECF No. 70); *Def.'s Mot. to Continue Sentencing* (ECF No. 77); *Def.'s Mot. for Enlargement of Time to File Sentencing Mem.* (ECF No. 79); *Def.'s Mot. to Enlarge Time to File Sentencing Mem.* (ECF No. 84); *Def.'s Mot. for Enlargement of Time to Reply to Gov't's Resp. on Appl. of Mandatory Minimum* (ECF No. 88); *Def.'s Mot. to Continue Conference of Counsel* (ECF No. 94); *Def.'s Mot. for Enlargement of Time to File Sentencing Mem.* (ECF No. 101); *Def.'s Mot. to Enlarge Time and Accept Filing of Sentencing Mem. as Timely* (ECF No. 103); *Def.'s Mot. to Continue Sentencing Hr'g* (ECF No. 106).  Finally, on January 30, 2019, the Court scheduled Mr. Goguen's sentencing hearing for February 13, 2019, *Notice of Sentencing Hr'g* (ECF No. 108), but on February 5, 2019, Mr. Goguen's defense counsel moved for leave to withdraw as his attorney.  *Def.'s Ex Parte Mot. for Leave to Withdraw as Counsel* (ECF No. 109).

Mr. Goguen's sentencing hearing was also substantially delayed while the Court considered whether his prior Connecticut conviction in 1996 for sexual assault in the second degree triggered § 2252A(b)(2)'s mandatory minimum. On November 16, 2018, the Court concluded that Mr. Goguen's prior Connecticut conviction of sexual assault in the second degree constitutes a qualifying prior offense that triggers the mandatory ten-year imprisonment penalty under § 2252A(b)(2). *Order on Def.'s Mem. in Opp'n to Appl. of the Mandatory Minimum Under 18 U.S.C. § 2252A(b)(2)* (ECF No. 92).

On April 22, 2019, Mr. Goguen filed a motion to withdraw his guilty plea. *Mot. to Withdraw Guilty Plea* (ECF No. 113) (*Def.'s Mot.*).[2] On May 13, 2019, the Government filed its opposition to Mr. Goguen's motion. *Gov't's Resp. to Def.'s Mot. to Withdraw Plea* (ECF No. 114) (*Gov't's Opp'n*). On May 28, 2019, Mr. Goguen filed his reply along with a motion for oral argument or hearing. *Def.'s Reply to Gov't's Resp. to Mot. to Withdraw Guilty Plea* (ECF No. 115) (*Def.'s Reply*); *Mot. for Oral Arg./Hr'g* (ECF No. 116).

## II.    THE PARTIES' POSITIONS

### A.    Mr. Goguen's Motion

---

[2]    The motion to withdraw guilty plea was originally only filed in 16-cr-00167-JAW. *Mot. to Withdraw Guilty Plea* (ECF No. 113). Yet, the caption for the motion included both case numbers. The Clerk's Office for the United States District Court for the District of Maine contacted Attorney Bourget, Mr. Goguen's current counsel, in light of a discrepancy between the motion identifying that it was being filed under both 1:11-cr-00003-JAW as well as 16-cr-00167-JAW, but the Court's docket reflecting that it was only actually filed in 16-cr-00167-JAW. Attorney Bourget confirmed that he had intended to file the motion in both cases and therefore in accordance with his statement, the Clerk's Office filed the motion, the subsequent documents and the order in both case dockets. 1:11-cr-00003-JAW, *Mot. to Withdraw Guilty Plea* (ECF No. 289); 1:11-cr-00003-JAW, *Gov't's Resp. to Def.'s Mot. to Withdraw Plea* (ECF No. 290); 1:11-cr-00003-JAW, *Def.'s Reply to Gov't's Resp. to Mot. to Withdraw Guilty Plea* (ECF 291); 1:11-cr-00003-JAW, *Mot. for Oral Arg./Hr'g* (ECF No. 292).

5

Mr. Goguen claims his guilty plea entered on September 15, 2017, was not knowing and voluntary and that he was not sufficiently aware of the relevant circumstances and probable consequences for various reasons. *Def.'s Mot.* at 2. Mr. Goguen asserts that during his plea hearing:

> [T]he Court misstated the potential maximum and minimum penalties as a result of apparent confusion as to whether the images depicting "a prepubescent minor who had not attained twelve years of age" was a sentencing factor or an element of the offense. The court initially indicated that the Defendant could be subject to a range of 0-10, 0-20 or 10-20 years of incarceration based upon the application of the prepubescent minor language and the potential application of a prior qualifying conviction. When asked if he understood that those were the potential ranges of imprisonment he could face the Defendant indicated that he did understand. These ranges were not correct. This situation led to confusion on the part of the Defendant as to whether prepubescent images w[]ere an element of the crime or part of the criteria for sentencing. The plea was not a knowing plea pursuant to Rule 11.

*Id.* Mr. Goguen avers that the colloquy among the Court and counsel at the Rule 11 hearing did not clarify this confusion and that the parties expressed conflicting viewpoints about certain language contained in 18 U.S.C. 2252A(a)(5)(B). *Id.* Mr. Goguen claims this confusion amounted to structural error:

> The Court then asked Mr. Goguen to admit that he possessed an image depicting a prepubescent child and if the Defendant understood that the potential range of his sentence was 10-20 years. The Defendant stated that he did. The fact that the Defendant indicated that he understood that he could be subject to a range of 0-10, 0-20 or 10-20 years and later that he could be subject to 10-20 years demonstrates confusion and indicates lack of a knowing and intelligent plea.

*Id.* at 2-3.

Mr. Goguen claims he told his prior defense counsel that he intended to withdraw his guilty plea immediately. *Id.* at 3. Mr. Goguen says he "was not aware

and was not informed that he would be unable to make further suppression arguments." *Id.* Mr. Goguen contends he was not advised by his prior counsel or by the Court at the time of his guilty plea that he could have entered a conditional guilty plea, which would have allowed him to challenge the ruling on his motion to suppress while still pleading guilty. *Id.* Mr. Goguen states shortly after his guilty plea, he "contacted his prior counsel in writing to request that he file a motion to rescind his guilty plea. The attorney did not file a motion to withdraw the Defendant's plea despite multiple requests by [him] that he do so." *Id.* Mr. Goguen also claims he was not fully informed of all his potential defenses before he entered his guilty plea. *Id.*

Mr. Goguen "wishes to withdraw his plea so he may fully challenge the legality of the search that gave rise to both of the cases . . . . Specifically, [he] wishes to challenge the legality of the conditions that improperly 'authorized' the search and seizure of his laptop . . . . [and] appeal the [denial of his suppression motion]." *Id.* at 4.

## B.    The Government's Opposition

The Government contends that all factors outlined in *United States v. Gates,* 709 F.3d 58, 68 (1st Cir. 2013), weigh against Mr. Goguen's motion. *Gov't's Opp'n* at 6. Citing the plea hearing transcript, the Government says, "there is no doubt that the defendant's plea was voluntary, intelligent, and informed." *Id.* The Government argues that Mr. Goguen's argument that he was confused over the penalties he faced is contradicted by the record. *Id.* at 7. The Government asserts the fact that Mr. Goguen is not a "novice to the criminal justice system or to federal court[]" is relevant.

*Id.* (citing *United States v. Padilla-Galarza*, 351 F.3d 594, 598 (1st Cir. 2003)). The Government states that the Court observed Mr. Goguen at the plea hearing and listened to his answers to the questions posed. *Id.* The Government says not being able to "rely on what a defendant says at the Rule 11 hearing about his understanding, [would make] a huge number of guilty pleas . . . vulnerable." *Id.* (citation omitted).

The Government contends that Mr. Goguen's reasons for wishing to withdraw his guilty plea are inadequate:

> The defendant has failed to cite any authority to support an argument that these are "fair and just" reasons for the withdrawal of a guilty plea. This Court sets deadlines for the filing of pretrial motions so that the parties and the court can address those motions in a timely manner and the case can move forward. The defendant did file a motion to suppress in this case and the court issued an order that resolved that motion. At the Rule 11 colloquy, this Court told the defendant explicitly that a guilty plea would waive his right to challenge that order. This Court also told the defendant he was giving up his right to a trial and the rights associated with a trial.

*Id.* at 8 (citations omitted). The Government says Mr. Goguen's "concern in the face of a lengthy sentence is understandable but it is not a fair and just reason to negate his guilty plea." *Id.* at 9. The Government believes that the timing of Mr. Goguen's motion weighs against him, considering that he pleaded guilty in September 2017 and filed the present motion in April 2019. *Id.* Lastly, the Government notes that Mr. Goguen is not claiming he is innocent and "has not contradicted his admissions at the Rule 11 hearing regarding the charged crime and does not dispute . . . his representation at that hearing that he was pleading guilty because he was actually guilty." *Id.* at 10.

### C.    Mr. Goguen's Reply

Mr. Goguen disagrees with the Government's contention that the record does not demonstrate he was confused about the potential penalties he faced:

> [T]he fact is that the Defendant initially indicated that he understood that he could be subject to a range of 0-10, 0-20 or 10-20 years and later after additional discussion stated that he understood that he could be subject to 10-20 years. Additionally, the Government described the . . . "prepubescent minor" language as a "sentencing factor" while defense counsel viewed it as an element.

*Def.'s Reply* at 1-2. Mr. Goguen contends that his confusion was not properly clarified. *Id.* at 2. As evidence of his confusion, he says "[h]is claim that he understood one sentencing range to be correct and only a few minutes later that he understood a different range to be correct is an obvious sign that he was ill informed by his counsel and confused as to what he was agreeing to at the proceedings." *Id.* Mr. Goguen argues that the Government failed to address his ineffective assistance of counsel claim and that such a claim may constitute a "fair and just reason" to withdraw a guilty plea. *Id.* (citations omitted). He says his prior defense counsel did not adequately inform him of his sentencing range nor that it was possible to enter a conditional guilty plea. *Id.*

Mr. Goguen reiterates that he was not aware he could enter a conditional plea and that if he were, "it is unlikely he would have entered the plea or at the least would have opted to enter a conditional plea instead. Having further examined the suppression issue [he] now wishes to pursue additional suppression issues which could fundamentally alter the posture of this case." *Id.* at 3. Mr. Goguen asserts he was not informed about all the possible defenses he could present. *Id.* Mr. Goguen

claims he "did not know he could preserve appeal rights and was not informed of defenses in this case [and] [u]nder the circumstances the only fair and just reaction is to allow [him] to withdraw his plea." *Id.*

In regard to the timing of his motion, Mr. Goguen states he has told his current counsel that "the reason he attempted to file his own . . . motion was because he had discovered new information that related to the defenses and suppression arguments that his [prior] attorney . . . had failed to inform him of or further in the court." *Id.* at 4. Under First Circuit precedent, Mr. Goguen claims "the relevant temporal gap is the time between the defendant's discovery of new information and the filing of his motion, not the time between the Rule 11 and the motion to withdraw." *Id.* (internal quotation marks and citations omitted). Mr. Goguen says, "[t]he delay in time should not be held against [him] as the issue was outside of his control and because his plea was not knowing and intelligent the motion to withdraw his guilty plea should be granted." *Id.* at 4-5.

## III. LEGAL STANDARD

A defendant may withdraw a guilty plea before he is sentenced if he "can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). Under this standard, courts consider: "[1] whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; [2] the strength of the reasons offered in support of the motion [to withdraw]; [3] whether there is a serious claim of actual innocence; [4] the timing of the motion; and [5] any prejudice to the government if the withdrawal is allowed." *United States v. Dunfee*, 821 F.3d 120, 127 (1st Cir. 2016)

(quoting *United States v. Isom*, 580 F.3d 43, 52 (1st Cir. 2009) (some alternations in original)).[3]  The "core concerns of Rule 11—whether the plea was voluntary, intelligent, and knowing—are the most important factors to consider."  *Isom*, 580 F.3d at 52  (citations  and internal quotation marks omitted).  "A defendant does not have an unfettered right to retract a guilty plea and he bears the burden to establish a fair and just reason for withdrawal."  *Dunfee*, 821 F.3d at 127 (internal quotation marks and citation omitted).

## IV.  DISCUSSION

### A.  Voluntary, Intelligent, and Knowing

#### 1.  Sentencing Ranges

Mr.  Goguen asserts his plea on September 15, 2017, "was not knowing and voluntary and was made without with sufficient awareness of the relevant circumstances and likely consequences for several reasons."  *Def.'s Mot.* at 2.  Mr. Goguen says his plea was not knowing because the Court initially indicated the wrong imprisonment ranges, which led to him being confused "as to whether prepubescent images w[]ere an element of the crime or part of the criteria for sentencing[,]" and that this confusion was not clarified through additional discussion and amounts to a "structural error".  *Id.* at 2-3.  The Court disagrees.

#### a.  Robert Goguen's Competency

---

[3]     Another possible factor is whether the plea was pursuant to a plea agreement.  *See United States v. Caramadre*, 807 F.3d 359, 366 (1st Cir. 2015).  In Mr. Goguen's case, there was no plea agreement and this factor is not applicable.

At the outset of the hearing, the Court asked Mr. Goguen a preliminary set of questions to determine whether he was competent. *Tr. of Proceedings* at 3:3-4:6, *United States v. Goguen,* 1:16-cr-00167-JAW (ECF No. 112) (*Plea Tr.*). Mr. Goguen informed the Court that he was forty-three-years-old, that he had gone through two years of college, that he was not prescribed any medicine and had not failed to take any medicine a doctor had told him he should take, and that he had not used any drugs or alcohol in the last twenty-four hours. *Id.* The Court confirmed with Attorney Tzovarras that he had met with Mr. Goguen that morning and had no concerns about Mr. Goguen's competency. *Id.* The Court found him competent. *Id.* Mr. Goguen has not challenged this finding in his pending motions.

### b. Actual Guilt

The Court informed Mr. Goguen:

THE COURT:        You understand that in deciding to plead guilty to the new criminal charge and admitting the probation or supervised release violation, you have a right to receive Mr. Tzovarras's advice; however the decision as to whether to plead guilty or admit the violation is not Mr. Tzovarras's, it is yours, you understand that?

DEFENDANT:        I do.

*Id.* at 5:5-11. The Court asked Mr. Goguen whether he was pleading guilty to Count 1 contained in the indictment in *United States v. Goguen*, 1:16-cv-00167-JAW, because was actually guilty of the crime:

THE COURT:        Now, Mr. Goguen, I have a very important question for you and obviously in this courtroom I require an honest and truthful answer. Have you pleaded guilty to the charge contained in Count 1 of this

12

| | |
|---|---|
| | indictment because you are actually guilty of that crime and for no other reason? |
| DEFENDANT: | I have. |
| THE COURT: | And have you consented to the forfeiture because you used the forfeited equipment in part to commit this crime? |
| DEFENDANT: | Yes, Your Honor. |

*Id.* at 6:14-23.

### c. Robert Goguen's Knowledge of the Charge

The Court read Count 1 of the indictment and asked Mr. Goguen if he understood the charge set forth in Count 1:

| | |
|---|---|
| THE COURT: | Now, Mr. Goguen, you are charged in a one-count indictment, that  indictment alleges that you committed a crime, namely the possession of material containing child pornography. It alleges that on about November 10, 2015, in the District of Maine, which means the state of Maine, you knowingly possessed material that contained an image of child pornography that had been shipped and transported using any means or facility of interstate and foreign commerce and in affecting interstate and foreign commerce by any means including by computer and that was produced using materials that had been shipped or transported in and affecting interstate or foreign commerce by any means. |
| | The indictment further alleges that one or more images of the child pornography possessed by you involved a prepubescent minor or a minor who had not attained 12 years of age. It alleges that you violated federal criminal law by possession of material containing child pornography. Do you understand the charge set forth in Count 1 of the indictment? |

DEFENDANT: I do, Your Honor.

*Id.* at 7:22-8:15.

### d. The Crime of Possession of Child Pornography: An Overview

In 16-cr-00167-JAW, a federal grand jury indicted Mr. Goguen with a violation of 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography. *Indictment* (ECF No. 1) ("Possession of Material Containing Child Pornography"). The elements of the crime of possession of child pornography are "[1] that [defendant] knowingly possessed [a computer]; [2] that the [computer] contained at least one image of child pornography; [3] that [defendant] knew that [the computer] contained an image of child pornography; and [4] that the image of child pornography had [been mailed; moved in interstate or foreign commerce]." JUDGE NANCY TORRESEN, PATTERN CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT CTS. OF THE FIRST CIRCUIT, § 4.18.2252 [updated: 7/15/15] (PATTERN CRIMINAL JURY INSTRUCTIONS).

At the Rule 11 stage, the penalty provisions for a violation of § 2252A(a)(5)(B) are found in § 2252A(b)(2) and the penalty provisions have a certain irreducible complexity because they are tiered depending on the defendant's prior criminal record and the nature of his offense:

> Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse,

14

or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

§ 2252A(b)(2). Accordingly, under § 2252A(b)(2), a defendant potentially faces three ranges of penalties: (1) a statutory maximum of ten years imprisonment and a fine if the offense did not involve an image of prepubescent minor or a minor who has not attained twelve years of age and the defendant does not have a qualifying prior conviction; (2) a statutory maximum of twenty years imprisonment and a fine if the offense involved an image of child pornography which contained a prepubescent minor or a minor who has not attained twelve years of age but the defendant does not have a qualifying prior conviction; and (3) a statutory minimum of ten years and a twenty-year maximum term of imprisonment if the defendant has a qualifying prior conviction. *See United States v. Breton*, 740 F.3d 1, 20 n.23 (1st Cir. 2014).

At the outset of a Rule 11 hearing, a court usually does not know whether a defendant has a criminal history and, if so, whether his criminal history contains a qualifying prior conviction. Also, although a court may have viewed an exemplar of the child pornography that a defendant possessed to make certain that the image fits within the statutory definition of pornography, the judge does not know whether a defendant will admit all of the contents of a prosecution version, and in any event, the court typically informs a defendant of the sentencing implications of his admission of the contents of the prosecution version. Among other things, a recitation of the tiered statutory scheme assures that the defendant who admits that the

material he possessed contained images of prepubescent children is aware that his admission has significant sentencing implications, increasing the maximum term of incarceration from ten to twenty years. It also prevents a defendant from later claiming that he did not know that his admission of possessing prepubescent/minor under the age of twelve images subjected him to a potentially longer sentence. The same holds true of the imposition of a mandatory minimum of ten years if the defendant has the possibility of a prior qualifying conviction.

An added complication is the *Apprendi*, *Alleyne*, and *Haymond* line of caselaw, which can be summarized as establishing the right to jury trial for a fact that increases the statutory maximum or sets a statutory minimum for a crime. *See generally United States v. Haymond*, 588 U.S. __, 139 S. Ct. 2369 (2019); *Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Thus, Mr. Goguen had a right to a jury trial on whether he possessed an image of child pornography that depicted a prepubescent minor or minor under the age of twelve. By contrast, there is an exception for prior convictions, since the defendant previously had the right to contest the conviction.

The net effect of these developments in the law makes a description of the potential penalties for a defendant who is pleading guilty a rather complicated affair. By pleading guilty to the crime of possession of child pornography, a defendant faces a maximum of ten years imprisonment. If a child pornography image depicts a prepubescent minor or minor under the age of twelve, the statutory maximum increases to twenty years, and if the defendant contests this narrow fact, namely

16

whether an image he possessed shows a prepubescent minor or a minor under the age of twelve, he has a right to a jury trial on this issue. If the defendant has a prior qualifying conviction, then he is subject to a statutory maximum of twenty years and a statutory minimum of ten years, but he is not entitled to a jury trial on whether his prior conviction is a qualifying conviction.

### e. The Court's Recitation of Potential Penalties

With this background, the Court reviewed the potential penalties for the offense as required by Federal Rule of Criminal Procedure 11(b)(1)(H)-(K). The Court noted that the penalty provisions under § 2252A(b)(2) "are somewhat complicated," but the Court went on to say:

> [B]ut as I recall, Mr. Goguen, you're an intelligent person, and I am sure you have reviewed this with your attorney. I am going to spend a little while and relate to you the potential range of penalties.

*Plea Tr.* at 9:1-6. The Court outlined the potential range of penalties Mr. Goguen faced:

> THE COURT: If you are found to have a qualifying conviction, then you are subject to a period of imprisonment of not less than 10 years and not more than 20 years. If you do not have a qualifying conviction and any image is of a child who has not attained the age of 12 or is prepubescent, then you may be placed in prison for a period not to exceed 20 years, but there is no mandatory minimum prison term. If there is no qualifying conviction, and if there are no images of children under 12 and no prepubescent children, then you are subject to a maximum prison term not to exceed 10 years. Do you understand the potential ranges of prison that you may be subject to as a consequence of pleading guilty to this offense?
>
> DEFENDANT: I do.

*Id.* at 9:8-23.

### f. Clarification by Defense Counsel

After the Court completed the penalty phase of the Rule 11 proceeding, *see* FED. R. CRIM. P. 11(b)(1)(H)-(K), Attorney Tzovarras asked for a moment to confer with the Assistant United States Attorney (AUSA). *Plea Tr.* at 10:23-24. Attorney Tzovarras informed the Court:

> MR. TZOVARRAS: Your Honor, as far as the penalty range, it's my understanding, I think the Government agrees, and this is what I advised Mr. Goguen, is that if he doesn't have a qualifying prior, then the -- then the range is 0 to 20 years because he's pled as an element of the offense that it was a prepubescent under 12. So I don't think there is any way that he is at 0 to 10 years under these --

*Id.* at 11:1-7.

In response, the Court said that "this is sort of like angels on the head of a pin." *Id.* at 11:15-16. The Court noted that it did not typically "require the defendant to admit or not admit whether the image is of a prepubescent minor, but obviously if he is willing to admit that here today, it obviates the possibility that he's -- his prison term would be capped by 10 years." *Id.* at 11:16-20.

Attorney Tzovarras responded that the prepubescent nature of the images had been "alleged as an element of the indictment that he pled guilty to, so I think he's admitted to it by entering his guilty plea and then the prosecution version mentions it, as well." *Id.* at 11:21-24.

The Court remarked that "we can get -- go around the courtroom a number of times as to whether or not prepubescent is an element or is a statutory enhancement, but typically I don't -- if he's -- if he wants to admit it and he is willing to admit it, then obviously it obviates the -- a potential issue down the road." *Id.* at 11:25-12:5.

The Court asked the AUSA his position and the AUSA responded:

> You Honor, the Government would prefer that he admit it, I believe, under *Alleyne* because the sentencing factor is not the - - a consideration regarding prior conviction, which affects the sentence, but it's instead a factual inquiry. Mr. Goguen would either need to admit it when he pleads guilty or there needs to be a finding by a court via bench trial or a jury. So I think it's appropriate that he admit it. And I agree with the defense that because he is admitting to it, the consequences of him pleading guilty will either be 10 to 20 years, if he has a qualifying conviction, or it would be 0 to 20 years based on his admission of having the image of a child under 12 or prepubescent.

*Id.* at 12:7-19.

With this colloquy, the Court suggested that when it asked Mr. Goguen about the prosecution version, which itself attached a sealed image of child pornography, it would expressly ask him whether he admitted that the image depicted a minor under the age of twelve or a prepubescent minor. *Id.* at 12:20-13:2. The Court noted that if he admitted that the image fit either category, the statutory cap of ten years would not be applicable. *Id.* Attorney Tzovarras agreed:

> MR. TZOVARRAS: I agree, Your Honor, and I think just the way the indictment's written up, as well, he will admit to that, that he's admitted to it as an element of the offense, but we're all on the same page about it. I just wanted to make sure that Mr. Goguen understands, and he does understand, what the penalty ranges are and - -
>
> THE COURT: Right.

MR. TZOVARRAS: -- just so there's no confusion.

*Id.* at 13:3-10.

### g. Robert Goguen Admits the Contents of the Prosecution Version Including the Attached Exhibit

In accordance with the agreement of counsel, the Court addressed Mr. Goguen

concerning the prosecution version of the offense and the attached image:

| | |
|---|---|
| THE COURT: | So the upshot of all this, Mr. Goguen, is going back to what I just advised you, in terms of the potential jail terms, if you are found to have a qualifying conviction, then you will be subject to a period of imprisonment of not less than 10 years and not more than 20 years. Do you understand? |
| DEFENDANT: | I do. |
| THE COURT: | If you do not have a qualifying conviction and any image is of a child who has not attained the age of 12 or is prepubescent, then the range of imprisonment is, as your lawyer said, 0 to 20, but there's no mandatory minimum prison term. Do you understand? |
| DEFENDANT: | I do, Your Honor. |
| THE COURT: | I told you a little earlier that if there is no qualifying conviction and no images of children under 12 and no prepubescent children, then the statutory cap would be 10 years, but your lawyer has said that you are going to acknowledge that -- and, in fact, have already admitted that one of the images, at least one of the images here is of a prepubescent child or a child under the age of 12. Do you understand? |
| DEFENDANT: | I do, Your Honor. |
| THE COURT: | And, therefore, the statutory cap of 10 years will not be applicable to your case. Do you understand? |

| | |
|---|---|
| DEFENDANT: | I do, Your Honor. |
| THE COURT: | It will either be up to 20 years or 10 to 20 years depending on whether or not there is a qualifying conviction. Do you understand? |
| DEFENDANT: | I do, Your Honor. |

*Id.* at 13:15-14:18.

Later, the Court turned to the contents of the prosecution version of the offense

and its attachment:

| | |
|---|---|
| THE COURT: | Mr. Goguen, I have before me a prosecution version of the offense, which is dated September 13, 2017. It makes reference to an Exhibit A, which is under seal and contains an image of child pornography. Have you reviewed the prosecution version of the offense and have you looked at Exhibit A? |
| DEFENDANT: | I have, Your Honor. |
| THE COURT: | Now, this is a very important document, correct? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | It basically sets forth in some detail what it is the Government says you did to commit this crime. Do you understand? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | Did you look at it carefully to make certain that it is accurate? |
| DEFENDANT: | I have, Your Honor. |
| THE COURT: | And, again, Mr. Goguen, I have a very important question for you and require an honest and truthful answer. Do you disagree in any way with what is set forth in the prosecution version of the offense? |
| DEFENDANT: | I do not, Your Honor. |

| THE COURT: | Is the information set forth in the prosecution version of the offense true to your own personal knowledge? |
|---|---|
| DEFENDANT: | It is, Your Honor. |
| THE COURT: | And do you agree that the image that is set forth in Exhibit A is an image of a child under the age of 12 or alternatively a prepubescent minor? |
| DEFENDANT: | Yes, Your Honor. |

*Id.* at 19:18-20:21. Based on this colloquy, the Court found there was a factual basis for Mr. Goguen's guilty plea. *Id.* at 20:22-21:1.

## h. Robert Goguen's Asserted Confusion

In his motion, Mr. Goguen complains that he was confused because "the Court misstated the potential maximum and minimum penalties as a result of apparent confusion as to whether the images depicting 'a prepubescent minor who had not attained twelve years of age' was a sentencing factor or an element of the offense."[4]

*Def.'s Mot.* at 2. Mr. Goguen asserts that the Court:

> [I]nitially indicated that the Defendant could be subject to a range of 0-10, 0-20 or 10-20 years of incarceration based upon the application of the prepubescent minor language and the potential application of a prior qualifying conviction. When asked if he understood that those were the potential ranges of imprisonment he could face the Defendant indicated that he did understand. These ranges were not correct. This situation led to confusion on the part of the Defendant as to whether prepubescent images w[]ere an element of the crime or part of the criteria for sentencing.

---

[4] This statement is not quite right. The statute provides for enhanced penalties if "the offense involved a prepubescent minor or a minor who had not attained 12 years of age." § 2252A(b)(2). The minor could be over twelve and still prepubescent and the statute would apply, or the minor could be pubescent and under twelve and the statute would apply. Contrary to Mr. Goguen's formulation, the statute does not require that the minor be both prepubescent and under the age of twelve.

*Id.* Mr. Goguen later states that "[t]he fact that the Defendant indicated that he understood that he could be subject to a range of 0-10, 0-20 or 10 to 20 years and later that he could be subject to 10-20 years demonstrates confusion and indicates a lack of a knowing and intelligent plea." *Id.* at 3.

### i. The "Incorrect" Recitation of Sentencing Ranges

The Court is nonplussed about why Mr. Goguen contends that its description of the statutory sentencing ranges was incorrect. As far as the Court can see, there was nothing at all inaccurate about its description of the potential sentences Mr. Goguen faced, which necessarily depended on his criminal record and the nature of what he admitted. Other than blankly asserting that the ranges were "not correct," *Def.'s Mot.* at 2, Mr. Goguen gives no hint about what was incorrect or what he contends the Court should have said.

The transcript confirms that the Court informed Mr. Goguen of the charge and the different penalties, he understood these differences, and he expressed no confusion or hesitancy over the potential range of penalties he faced by pleading guilty. *See United States v. Fernández-Santos*, 856 F.3d 10, 16 (1st Cir. 2017) ("Ordinarily, it is sufficient in a plea colloquy for a district court to ascertain that a defendant is aware of the nature of the charges against him by reading the charges in the indictment to the defendant and obtaining his competent acknowledgment that he understands the charges." (internal alterations, quotations, and citation omitted)).

### j. Element v. Sentencing Factor

Nor is the Court impressed with Mr. Goguen's claim that he was confused about whether the prepubescent/minor under the age of twelve issue was a sentencing factor or an element of the crime charged, and that this confusion makes his guilty plea void. As is often the case, the allegation is easy and the explanation complicated, but in the final analysis, Mr. Goguen is staking his claim on meaningless distinctions of nomenclature.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court concluded that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In 2013, the United States Supreme Court in *Alleyne v. United States*, 570 U.S. 99 (2013), held that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum as it does to facts increasing the statutory maximum penalty." *United States v. Haymond*, 139 S. Ct. 2369, 2378 (2019) (internal quotation marks omitted) (quoting *Alleyne*, 570 U.S. at 112). *See also United States v. Garay-Sierra*, 885 F.3d 7, 14 (1st Cir. 2018) ("To protect an accused's Sixth Amendment rights, *Alleyne* says any fact (other than the fact of a prior conviction) that jacks up a compulsory minimum sentence must be found by a jury (or by a judge in a bench trial) beyond a reasonable doubt, if the defendant does not admit the fact." (citing *Alleyne*, 570 U.S. at 103)).

Mr. Goguen says he was confused because "the Government described the language as a 'sentencing factor' while defense counsel viewed it as an element." *Def.'s Mot.* at 2. But Mr. Goguen badly misinterprets what the AUSA said. In fact,

the AUSA agreed with defense counsel that the Government would have to prove the prepubescent/minor under twelve years old image issue before a judge or jury. Responding to whether Mr. Goguen should expressly admit that the image fit within the prepubescent/minor under twelve years old statutory definition, the AUSA said that in his view, it was preferable that Mr. Goguen admit it at the Rule 11. *Plea Tr.* at 12:7-8. The AUSA explained:

> [U]nder *Alleyne*, because the sentencing factor is not the - - a consideration regarding prior conviction, which affects the sentence, but it's instead a factual inquiry. Mr. Goguen would either need to admit it when he pleads guilty or there needs to be a finding by a court via bench trial or a jury. So I think it's appropriate that he admit it.

*Id.* at 12:8-14.

In the Court's view, the only fair reading of this comment is that the AUSA is agreeing with defense counsel that whether the image is of a prepubescent or a person under twelve years of age is a factual inquiry that must be decided by a jury or, if jury-waived, before a judge, and so it is appropriate if Mr. Goguen is willing to admit it, he does so. The AUSA was distinguishing the prepubescent/minor under twelve years old issue, which would have to be proven to a jury or jury-waived to a judge, with the fact of a prior conviction, which would not. *Garay-Sierra*, 885 F.3d at 14.

The crux of the problem is that Mr. Goguen's argument assumes a precision about language that has not, in the Court's view, emerged from the law's development following *Apprendi*. As noted earlier, assuming the image was found on a computer, the elements for the commission of a violation of § 2252A(a)(5)(b), possession of child pornography, are "[1] that [defendant] knowingly possessed [a computer]; [2] that the

[computer] contained at least one image of child pornography; [3] that [defendant] knew that [the computer] contained an image of child pornography; and [4] that the image of child pornography had [been mailed; moved in interstate or foreign commerce]." PATTERN CRIMINAL JURY INSTRUCTIONS, § 4.18.2252. If the defendant, as here, possessed an image of a prepubescent minor or a minor under the age of twelve, then he is subject to a harsher statutory cap and this fact must be proven beyond a reasonable doubt to a jury.

But the Court is not convinced that a pornographic image of a minor—who is prepubescent or under the age of twelve—is an element of the crime of possession of child pornography as opposed, as the AUSA said, to a sentencing factor. Even though the Government must prove the prepubescent/under the age of twelve fact to a jury, the law has not divided § 2252A into separate crimes with different elements depending on whether the Government seeks to prove this allegation. Attorney Tzovarras would have had § 2252A(b)(2) divided up into three distinct crimes: (1) simple possession of child pornography, (2) possession of child pornography with an image of a prepubescent minor or minor under the age of twelve, and (3) possession of child pornography where a defendant has a prior qualifying conviction. This may be the end result of the Supreme Court's developing jurisprudence, but it is not the only or necessarily the right way to look at § 2252A(b)(2).

The key is not the nomenclature that the lawyers used to discuss the concept, element versus sentencing factor, but whether it was clear that to prove the prepubescent/minor under the age of twelve allegation, the Government would have

26

to make the case before a jury. Even though Attorney Tzovarras stated that the prepubescent/minor under the age of twelve issue was an element of the crime and even though the AUSA referred to the issue as a sentencing factor, both lawyers were saying the same thing. Ultimately, the Government and Mr. Goguen's defense counsel agreed that "because he is admitting to it, the consequences of him pleading guilty will either be 10 to 20 years, if he has a qualifying conviction, or it would be 0 to 20 years based on his admission of having the image of a child under 12 or prepubescent." *Plea Tr.* at 12:15-19.

Whether Mr. Goguen admitted that he possessed an image of a prepubescent minor or minor under the age of twelve as an element of the crime or as a fact that statutorily enhanced his potential sentence, the key is what actually happened at the Rule 11. Mr. Goguen was presented with a prosecution version in which the Government said it could prove that on November 10, 2015, Mr. Goguen "knowingly possessed material containing images of child pornography that was produced using materials that had been shipped or transported in or affecting interstate or foreign commerce by any means." *Prosecution Version of the Offense* at 1, *United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 62). Significantly, the prosecution version of the offense expressly stated:

> One of more images of the child pornography possessed by the defendant involved a prepubescent minor or a minor who had not attained twelve (12) years of age.

*Id.* The prosecution version went on to describe the images saved in allocated space on a hard drive on Mr. Goguen's computer:

The images and videos saved in the allocated space of the Hard Drive included images and videos of children, under the age of twelve (12), engaged in sexual acts including oral sex and vaginal sex, with adults and other children. The defendant downloaded the images and videos of child pornography.

*Id.* at 1-2. The prosecution version also attached as Exhibit A an image that had been retrieved from allocated space in the computer. *Id.* at 2. As has been seen, during the Rule 11 hearing, the Court expressly asked Mr. Goguen about the prosecution version, *Plea Tr.* at 19:17-20:21, and Mr. Goguen admitted that the contents of the prosecution version were true, including the fact that he had possessed images of prepubescent minors or minors under the age of twelve. *Id.* at 20:11-17.

Mr. Goguen consistently acknowledged that he understood the potential penalty provisions and nature of the charge he was pleading to. *Id.* at 8:15; 9:23; 13:21; 14:2; 14:11; 14:14; 14:18. The Court informed Mr. Goguen that the purpose of the Rule 11 hearing was to make sure his guilty plea was both knowing and voluntary, *id.* at 2:20-3:2, and Mr. Goguen told the Court that he understood the purpose of the hearing. *Id.* The Court is "entitled to give weight to the defendant's statements at his change-of-plea colloquy." *United States v. Flete-Garcia*, 925 F.3d 17, 25 (1st Cir. 2019) (quoting *United States v. Santiago Miranda*, 654 F.3d 130, 138 (1st Cir. 2011)).

At the beginning of the hearing, Mr. Goguen understood that he faced three different sentencing ranges dependent on whether the offense conduct included an image of a minor under the age of twelve or a prepubescent minor and whether he had a qualifying predicate conviction. Because Mr. Goguen admitted that his offense

conduct included the possession of an image of a minor under the age of twelve or alternatively a prepubescent minor, the possible sentencing ranges were reduced from three to two, all of which Mr. Goguen stated he understood. *See United States v. Gates,* 709 F.3d 58, 69 (1st Cir. 2013) ("A defendant is normally bound by the representations that he himself makes in open court at the time of his plea."). The Court rejects Mr. Goguen's argument that his plea was not made knowingly, voluntarily, and intelligently because of the discussed different sentencing ranges.

### 2. Conditional Guilty Plea

Mr. Goguen asserts that his plea was not voluntary and knowing because the Court and his prior defense counsel did not inform him that he could enter a conditional guilty plea so as to allow him "the option to pursue the suppression issues despite having pled guilty." *Def.'s Mot.* at 3; *see also Def.'s Reply* at 2.

At his change of plea hearing, the Court informed Mr. Goguen that by pleading guilty he was waiving the right to challenge the sufficiency of the orders on his motion to suppress and his motion in limine on appeal:

> THE COURT: I also would like you to be clear about the impact of some of the orders that I've issued in your case. I issued an order on a motion to suppress. I also issued an order on a motion in limine, and I want it clear that you understand that even though the content of those orders may have factored into your decision to plead guilty, you must understand that by pleading guilty, and by admitting the violation, you are waiving the right to challenge the sufficiency of those orders on appeal, the legal -- the legality of those orders on appeal. Do you understand?

*Plea Tr.* at 15:14-23.   Mr. Goguen responded, "I do, Your Honor." *Id.* at 15:24.   The Court also advised Mr. Goguen of the various rights he was forfeiting by pleading guilty and Mr. Goguen stated he understood that he was giving up those rights by pleading guilty.   *Id.* at 16:15-18:5.   Thus the Court informed Mr. Goguen of the consequences of the guilty plea. *See United States v. Cotal-Crespo*, 47 F.3d 1, 4-5 (1st Cir. 1995).

Mr. Goguen's argument that because the Court did not inform him that he could enter a conditional guilty plea, his plea was not voluntary or knowing, lacks merit.   At the Rule 11 hearing, the Court inquired of counsel whether there was a plea agreement in this case and was informed by the prosecutor that there was no plea agreement.   *Plea Tr.* at 21:7-10.   The Court then asked counsel and Mr. Goguen whether the Government had made any plea offers and both the prosecutor and defense counsel as well as Mr. Goguen affirmed that the Government had made no plea offers to him.   *Id.* at 21:11-18; *see generally Missouri v. Frye*, 566 U.S. 134 (2012). Despite the absence of a plea offer by the Government, Mr. Goguen insists that the Court should have informed him that it was possible for him to enter into a conditional plea whereby he could preserve the right to challenge the Court's prior rulings on appeal and, if successful on appeal, could then withdraw his guilty plea. *Def.'s Mot.* at 3.   Mr. Goguen cites no legal authority for this proposition and the Court is aware of none.

There are several problems with Mr. Goguen's contention.

First, under Federal Rule of Criminal Procedure 11(a)(2), the Government must consent to a conditional plea and there was nothing on the record to suggest that the Government here was in fact willing to do so. Thus, Mr. Goguen would require the Court to inform him that a conditional plea was possible, when there was (and is) no evidence that it was.

Second, as the Government had not extended any plea offers to Mr. Goguen, to inform Mr. Goguen that it is possible that the Government might consent to a plea agreement in which he could enter a conditional plea would have violated Federal Rule of Criminal Procedure 11(c)(1), which forbids the Court from participating in discussions leading to a plea agreement. In effect, the Court would be informing Mr. Goguen that he might be able to secure a better deal with the Government than the one presented by the parties, and this may well not have been true.

In addition, the Court could not have raised this issue without invading the attorney-client privilege. It might well have required defense counsel to reveal the advice he gave Mr. Goguen leading to the guilty plea, why there was no plea agreement, and why he advised Mr. Goguen to enter the plea, despite the absence of such an agreement.

Finally, in any criminal case, there are a host of considerations that lead a defendant to enter a guilty plea, ranging from charges that the Government could have brought (and might still bring), the strength of the Government's case as revealed by discovery, defense counsel's evaluation of the law and evidence, any issues with potential trial witnesses and other evidence, any sentencing guideline

issues, and other matters. Rule 11 does not require the Court to act as defense counsel. Instead, a Rule 11 hearing requires, as the First Circuit explained, that the process address "three 'core concerns': 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.'" *United States v. Kenney*, 756 F.3d 36, 45 (1st Cir. 2014) (quoting *United States v. Cotal-Crespo*, 47 F.3d 1, 5 (1st. Cir. 1995)). So long as the Court satisfies the detailed requirements of Rule 11, the Court has done its job. Here, the record establishes that the Court scrupulously addressed with Mr. Goguen each of the issues Rule 11 requires. *See* FED. R. CRIM. P. 11(b)(1)(A)-(O).

### 3. Ineffective Assistance of Counsel

Mr. Goguen says his plea was not knowing, intelligent, and voluntary because he "did not receive effective assistance of counsel . . .." *Def.'s Reply* at 2. Mr. Goguen argues that his prior counsel did not "properly inform [him] of all of his potential defenses prior to the change of plea hearing." *Def. Mot.* at 3. Mr. Goguen "has now expressed to his new defense counsel that he intended to withdraw the plea immediately. In addition, [Mr. Goguen] asserts that there are additional legal principles regarding suppression of evidence that must be pursued." *Id.* Mr. Goguen states he asked his prior counsel to file a motion to withdraw his guilty plea multiple times and that he did not do so. *Id.*

In the context of a motion to withdraw a guilty plea, a court may consider whether the defendant demonstrated that he was given ineffective assistance of counsel in entering the guilty plea. *United States v. Isom,* 85 F.3d 831, 837 (1st Cir.

1996).  The standard for making this evaluation is the familiar standard under *Strickland v. Washington*, 466 U.S. 668 (1984).  *Id.*  "In the plea-withdrawal context, a defendant arguing that the received ineffective assistance must show that his attorney's performance fell below an objective level of reasonableness and that, but for this deficient performance, there is a reasonable probability he would not have pled guilty."  *United States v. Fernández-Santos*, 856 F.3d 10, 17 (1st Cir. 2017).

First, the Court observes that it closely questioned Mr. Goguen at the Rule 11 hearing about whether he was satisfied by Attorney Tzovarras' legal representation:

THE COURT:    I am going to ask you some questions about your right to counsel, and the reason I am doing this, Mr. Goguen, is that I recall in 11-cr-3 you wrote me on two occasions complaining about your attorneys. On November 13, 2011, you wrote about Don Brown, that would like to withdraw your guilty plea due to serious errors by Mr. Brown and, therefore, I appointed Attorney Jon Haddow to represent you. And then on September 11, 2013, you said you wanted to dismiss Mr. Haddow, that he had withdrawn your guilty plea without your knowledge and against your strict decision not to do anything in the federal case until you resolve the state case and that he had failed to call two main witnesses at the sentencing hearing. So I'm going to ask you some questions about your representation by Mr. Tzovarras because I want to be certain that you're satisfied with his services. You have been represented by Hunter Tzovarras in both the revocation case relating to 11-cr-3, the initial criminal charge and 16-cr-167, the new criminal charge; is that correct?

DEFENDANT:    Yes, sir.

| | |
|---|---|
| THE COURT: | Mr. Goguen, are you satisfied with Mr. Tzovarras's representation as your attorney in both matters? |
| DEFENDANT: | I am. |
| . . . . . . . . . . . . | |
| THE COURT: | All right. I am going to now turn to the criminal charge, the new criminal charge. Has Mr. Tzovarras explained to you the consequences that may flow from the proceedings here today in court? |
| DEFENDANT: | He has, Your Honor. |
| . . . . . . . . . . . . | |
| THE COURT: | Mr. Goguen, have you received a copy of the indictment setting forth the charge and the claim for forfeiture? |
| DEFENDANT: | I have. |
| THE COURT: | Have you had enough time to discuss the charge with your attorney? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | Has Mr. Tzovarras explained to you the elements and nature of the offense charged? |
| DEFENDANT: | He has, Your Honor. |
| THE COURT: | Has he also told you about the penalties that may be imposed? |
| DEFENDANT: | Yes. |

*Plea Tr.* at 4:7-5:4; 5:15-19; 7:5-17.

On December 25, 2017, Mr. Goguen sent a letter along with various documents to the Office of the Clerk for the United States District for the District of Maine entitled Motion to Withdraw Guilty Plea and Motion to Suppress. *Letter from Deputy Clerk of Ct. to Robert Goguen*, Attach. 2, *Mot. to Withdraw Guilty Plea* at 1 (Attach. 2) (ECF No. 72) (*Letter*). In part of his letter, entitled "Motion to Withdraw Guilty Plea," Mr. Goguen wrote:

> My name is Robert Goguen, I am the above mention defendant, and am acting pro se. I am not rejecting counsel but believe pertinent to exhaust certain procedures which I feel are justifiable. I understand that I will lose my acceptance of responsibility points and receiving even more points if this Court believes I'm attempting to obstruct. My guilty plea was made under stress and not wholly inte[l]ligent, not on my counsel[']s part but by my own forgetfulness and not understanding how to make connections to some simultaneous actions regarding 1996 conviction and several other avenues not ventured. I want to make sure I've done my best to protect my liberty. For the foregoing reasons please accept my motion to withdraw my guilty plea.

*Letter* at 1. Mr. Goguen sought to withdraw his guilty plea not because of the failings of his counsel at his plea hearing but because he wished to make further suppression arguments. Mr. Goguen pointedly stated he was not rejecting his counsel and that he did not fault his counsel for his decision to enter a guilty plea. *Id.* ("My guilty plea was made under stress and not wholly inte[l]ligent, <u>not on my counsel[']s part but by my own forgetfulness and not understanding . . .</u>" (emphasis added)).

In his pending motion to withdraw guilty plea, Mr. Goguen asserts in the most cursory and conclusory manner that his former attorney rendered ineffective counsel. He says that in addition to the unsuccessful motion to suppress filed by Attorney Tzovarras, "there are additional legal principles regarding suppression of evidence

35

that must be pursued." *Def.'s Mot.* at 3. Further on, he states that he "wishes to challenge the legality of the conditions that improperly 'authorized' the search and seizure of his laptop to take place." *Id.* The Court is unimpressed.

On September 17, 2012, the Court imposed a sixteen-month term of incarceration on Mr. Goguen for failure to register as a sex offender, which was later amended to thirty-seven months at Mr. Goguen's unopposed request. *J.*, *United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 80); *Am. J.*, *United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 90). The Court also imposed a three-year term of supervised release. *Id.* On May 23, 2013, when his supervisory officer found pornography on his laptop computer, the Probation Office recommended that a computer monitoring condition be added to the conditions of his supervised release. *Req. for Modifying the Conditions or Term of Supervision*, *United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 93). That same day, Mr. Goguen consented to the addition of this condition, including to the right of the Probation Office to conduct "unannounced examinations of his[] computer(s) . . . performed by the probation officer based on reasonable suspicion of contraband evidence or a violation of supervision." *Id.*

Then, according to the Presentence Investigation Report, an anonymous caller alerted the United States Department of Homeland Security that Mr. Goguen had been showing pornography to children and that he had a blue laptop and a smartphone in which he changed sim cards to conceal the pornography. *Presentence Investigation Report* ¶ 4, *United States v. Goguen*, 1:16-cr-000167-JAW. When the

Probation Officer made an unannounced visit to Mr. Goguen's residence, he observed a blue HP laptop computer on Mr. Goguen's bed. *Id.* ¶ 5. The Probation Officer seized the blue computer and examined it, finding suspected child pornography. *Id.* Law enforcement later obtained a federal search warrant for Mr. Goguen's computer that revealed a number of images of child pornography. *Id.*

As the search of Mr. Goguen's computer was performed pursuant to an agreed to supervised release condition after receiving word that Mr. Goguen possessed a blue computer that contained child pornography and as the later search was conducted pursuant to a federal search warrant, it is difficult to imagine what legal basis there could be to challenge "the legality of the conditions that improperly 'authorized' the search and seizure of his laptop to take place." *Def.'s Mot.* at 3. For purposes of meeting the *Strickland* standard, Mr. Goguen must produce something more.

Mr. Goguen's second point about ineffective counsel is that his lawyer "did not adequately inform the Defendant of his sentencing range as discussed above." *Def.'s Reply* at 2. But as the Court has discussed, there is nothing in this record to suggest that Mr. Goguen was misinformed about the potentially applicable statutory imprisonment provisions at his Rule 11 hearing.

Mr. Goguen's third point about ineffective counsel is that his lawyer did not advise him "at or prior to the Rule 11 proceeding that he could have issued a conditional guilty plea which would have provided him with the option to pursue previously raised suppression issues which he has indicated that he intended to do." *Id.* Again, however, there is no indication in this record that the Government would

have consented as required by Rule 11(a)(2) to a conditional plea. Similarly, Mr. Goguen's allegation that he was not informed about all of his potential defenses, other than being asserted generally, offers no specifics as to how he was not properly informed about his potential defenses and does not explain why then in his previous statements to the Court he represented that he was satisfied with Attorney Tzovarras's representation and that Attorney Tzovarras had explained the consequences of pleading guilty, the nature and elements of the offense, and the penalties that may be imposed, as well as stating that he had enough time to discuss his case with Attorney Tzovarras. *Plea. Tr.* at 4:7-5:4; 7:5-17.

In short, Mr. Goguen has failed to meet the *Strickland* standard "that his attorney's performance fell below an objective level of reasonableness and that, but for this deficient performance, there is a reasonable probability he would not have pled guilty." *United States v. Fernández-Santos*, 856 F.3d 10, 17 (1st Cir. 2017).

Even assuming Mr. Goguen's prior counsel's actions were objectively unreasonable and sufficiently deficient (which the Court does not find), the Court finds Mr. Goguen has not shown that but for these actions there was a reasonable probability that he would not have pleaded guilty. Before the Court accepted and entered his guilty plea, Mr. Goguen stated he understood that by pleading guilty, he was giving up his rights to challenge the sufficiency of the Court's prior ruling on his motion to suppress along with various other rights. *Plea. Tr.* at 15:14-24; 16:15-18:5. When Mr. Goguen wrote the Court two months later, he did not assert any of the issues with his counsel's representation that he now claims, and specifically wrote

that he was not rejecting his counsel's representation and that his plea was not "wholly inte[l]ligent" not because of his counsel's conduct but because of his "own forgetfulness and not understanding how to make connections to some simultaneous actions regarding 1996 conviction and several other avenues not ventured." *Letter* at 1.

The Court considers the specific circumstances of the case in analyzing an ineffective assistance of counsel claim. *See Rosado v. Allen*, 482 F. Supp. 2d 94, 101 (D. Mass. 2007). Mr. Goguen's assertions are belied by the record and by his own representations to the Court. The Court advised Mr. Goguen that while he had the right to his counsel's advice, the decision to plead to guilty was ultimately up to him, which Mr. Goguen said he understood. *Plea Tr.* at 5:5-11. When the Court asked Mr. Goguen if he was pleading guilty to the charged crime because he was actually guilty and for no other reason, Mr. Goguen stated he was. *Id.* at 6:14-19; *see United States v. Parrilla–Tirado*, 22 F.3d 368, 373 (1st Cir. 1994) ("It is the policy of the law to hold litigants to their assurances . . . '[w]e will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so.'") (alternation in original) (citation omitted); *United States v. Pellerito*, 878 F.2d 1535, 1543 (1st Cir. 1989) ("When an accused seeks to withdraw a guilty plea, the court is not obliged to treat self-serving accounts as gospel."); *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984).

The Court concludes Mr. Goguen's plea was made knowingly, intelligently, and voluntarily.

### B.    Actual Innocence[5]

Mr. Goguen does not claim that he is actually innocent of the criminal conduct to which he pleaded guilty to.  Accordingly, this factor weighs against withdrawal of his guilty plea.  *See United States v. Torres-Rosa*, 209 F.3d 4, 9 (1st Cir. 2000) ("The absence of an assertion of innocence counsels against allowing the plea to be withdrawn.").

### C.    Timing of the Motion

"The timing of a motion to withdraw a guilty plea often serves as a gauge for measuring the legitimacy of a proffered reason." *United States v. Gonzalez-Vazquez*, 34 F.3d 19, 23 (1st Cir. 1994).  The Government says the timing of Mr. Goguen's motion cuts against him because he pleaded guilty on September 15, 2017, and did not file the present motion until April 22, 2019. *Gov't Opp'n* at 9.  Mr. Goguen states that after his plea he requested that his prior counsel file a motion to withdraw his guilty plea and that he eventually filed his own motion in December 2017. *Def.'s Reply* at 4.  Mr. Goguen says he sought to file a motion to withdraw his guilty plea because he "discovered new information that related to the defenses and suppression arguments that his attorney at that time had failed to inform him of or further in the court." *Id.*

As is often the case, the allegation is simple, the explanation complex.  First, Mr. Goguen pleaded guilty on September 15, 2017, and he filed his pro se motion with

---

[5]    Mr. Goguen's arguments for why his plea was not voluntary, knowing, and intelligent mirror his reasons for why the Court should allow him to withdraw his plea. *Def.'s Reply* at 3.  Because the Court rejects his arguments that his plea was not made voluntarily, knowingly, and intelligently, his proffered reasons for why he should be allowed to withdraw his guilty plea fail as well.

the Court by letter dated December 25, 2017, in which he stated that he wished to withdraw his guilty plea. *Letter* at 1-30. This was a delay of over three months from the date of the guilty plea, and courts have concluded shorter delays weigh against withdrawal. *See United States v. Dunfee*, 821 F.3d 120, 131 (1st Cir. 2016) (citing *United States v. Pagan–Ortega*, 372 F.3d 22, 31 (1st Cir. 2004) (finding that the two-month delay weighed against withdrawal)).

But, once the Court received the pro se motion from Mr. Goguen, in accordance with its standard practice, on January 2, 2018, the Clerk's Office forwarded the pro se motion to his defense counsel, informing Attorney Tzovarras that it had done so and that the Court would take no action on the motion as he was represented by counsel. *Letter from Deputy Clerk of Ct. to Robert Goguen* at 1. At a January 25, 2018, conference of counsel, Attorney Tzovarras raised the fact that his client recently talked to him about his withdrawing as counsel. *Tr. of Proceedings, Conference of Counsel* at 2:10-3:3, *United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 118) (*Jan. Tr.*). Mr. Tzovarras asked for three or four weeks to see Mr. Goguen again and decide whether Mr. Goguen still wanted him to file a motion to withdraw as his counsel. *Id.* at 3:6-3:13.

At the January 25, 2018 conference, the Court raised the fact that Mr. Goguen had filed pro se motions and explained the Court's practice to send pro se motions to the defense attorney to give counsel an opportunity either to adopt the motions or decline to do so. *Id.* at 4:18-6:5. Attorney Tzovarras asked that the case be set ahead for another conference. *Id.* at 6:9-11.

The Court scheduled another conference of counsel for February 22, 2018. *Notice of Hr'g, United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 75). At that conference, Attorney Tzovarras indicated that he would be filing a motion to stay the proceedings, *Min. Entry, United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 76), and on March 1, 2018, Attorney Tzovarras filed a motion to continue the sentencing hearing on the ground that Mr. Goguen had filed a petition for post-conviction relief and if he was successful on the post-conviction petition and his conviction for failure to register as a sex offender was vacated it would have ramifications for the applicable guideline calculations in 1:16-cr-167-JAW. *Def.'s Mot. to Continue Sentencing* at 1-2, *United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 77). On April 26, 2018, the Court denied the motion to continue the sentencing hearing. *Order Denying Mot. to Continue Sentencing Hr'g, United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 87).

On April 8, 2018, Attorney Tzovarras filed a motion addressing whether, based on the nature of Mr. Goguen's prior conviction, he was subject to the ten-year mandatory minimum term of incarceration under § 2252A(b)(2). *Def.'s Mem. in Opp'n to the Appl. of the Mandatory Minimum Under 18 U.S.C. § 2252A(b)(2), United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 83). On November 16, 2018, the Court issued an order concluding that Mr. Goguen was subject to the mandatory minimum term of incarceration of ten years. *Order on Def.'s Mem. in Opp'n to Appl. of the Mandatory Minimum Under 18 U.S.C. § 2252A(b)(2), United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 92).

The case proceeded toward a sentencing hearing with the filing of sentencing memoranda by the Government and Mr. Goguen on January 17, 2019, and January 19, 2019, respectively. *Gov't's Mem. in Aid of Sentencing*, *United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 100); *Def.'s Sentencing Mem.*, *United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 102). Then, on February 4, 2019, Mr. Goguen filed a motion, requesting that the Court allow Attorney Tzovarras to withdraw as counsel. *Def.'s Ex Parte Mot. for Leave to Withdraw as Counsel*, *United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 109). In his motion, Attorney Tzovarras wrote:

> Undersigned counsel met with Mr. Goguen on February 3, 2019, at which time Mr. Goguen requested undersigned counsel file a motion to withdraw his guilty plea in Docket 1:16-CR-167-JAW.

*Id.* ¶ 1. The actual motion to withdraw guilty plea was not filed until April 22, 2019. *Mot. to Withdraw Guilty Plea*, *United States v. Goguen*, 1:16-cr-00167-JAW (ECF No. 113).

Piecing this history together, the Court finds that the appropriate date for the motion to withdraw is April 22, 2019. Although Mr. Goguen claims he discovered new information related to his suppression motion soon after his guilty plea and that he contacted Attorney Tzovarras seeking to withdraw his plea, *Def.'s Reply* at 4, he does not identify the newly discovered information, when he discovered it, or when he asked Attorney Tzovarras to withdraw his guilty plea because of this newly discovered information. The first possible identifiable date reflecting this information is December 2017, when Mr. Goguen filed his pro se motion. But, the

basis of Mr. Goguen's pro se motion was not newly discovered information. In the pro se motion, Mr. Goguen wrote:

> My guilty plea was made under stress and not wholly intel[li]gent, not in my counsel[']s part but by my own forgetfulness and not understanding how to make connections to some simultaneous actions regarding 1996 conviction and several other avenues not ventured. I want to make sure I've done my best to protect my liberty. For the foregoing reasons please accept my motion to withdraw my guilty plea.

*Letter* at 1. Presumably Mr. Goguen knew on September 15, 2017 that he was experiencing stress or if there is some reason he did not know at or near his guilty plea and discovered it later, he does not explain it. *Id.*

But even though Mr. Goguen filed a pro se motion in December 2017, on January 25, 2018, the Court informed Attorney Tzovarras that it would not act on the motion unless he adopted it, or, if Attorney Tzovarras failed to adopt it, that the Court might act on the pro se motion, but only in an exceptional case. *Jan. Tr.* at 4:18-6:8. The Court further informed Mr. Tzovarras that if he decided not to adopt the motion to withdraw the guilty plea, it might or might not rule on the motion. *Id.* at 5:11-6:8. The Court listed three options: (1) that Mr. Tzovarras decided not to proceed with the pro se motion, (2) that Mr. Tzovarras filed a motion to withdraw guilty plea, and (3) that the Court would proceed with the pro se motion and rule on it. *Id.* 4:18-6:5. The Court asked Mr. Tzovarras what he wanted to do. *Id.* at 6:6-8.

In response, Attorney Tzovarras expressly asked the Court for time to consult with his client and to decide what to do about Mr. Goguen's pro se motion to withdraw his guilty plea. *Id.* at 6:9-14. The Court did so with the understanding that if Mr. Tzovarras adopted Mr. Goguen's motion to withdraw his guilty plea, Mr. Tzovarras

would inform the Court and the next conference would be changed to a hearing on the motion to withdraw the guilty plea. *Id.* 6:12-14 ("THE COURT: Then it can be changed to a hearing on the motion to withdraw? MR. TZOVARRAS: Right"). As of January 2018, the onus was on Mr. Tzovarras to inform the Court whether Mr. Goguen wished to proceed with his pro se motion to withdraw his guilty plea and to present evidence at the next conference.

Despite knowing that the Court was awaiting word from Attorney Tzovarras (or Mr. Goguen) that he wanted to Court to rule on Mr. Goguen's pro se motion, neither Attorney Tzovarras nor Mr. Goguen himself took any action on the pending pro se motion. Instead, Mr. Tzovarras proceeded with other issues, including some significant sentencing issues. It was not until February 5, 2019, that Attorney Tzovarras informed the Court Mr. Goguen "requested undersigned counsel file a motion to withdraw his guilty plea in Docket 1:16-CR-167-JAW." *Def.'s Ex Parte Mot. for Leave to Withdraw as Counsel* at 1 (ECF No. 109). It was not until April 22, 2019 that Mr. Bourget, his current lawyer, filed the motion to withdraw. Neither Attorney Tzovarras nor Attorney Bourget has asked the Court to rule on the December 2017 pro se motion and Attorney Bourget filed his own motion to withdraw guilty plea without incorporating Mr. Goguen's pro se motion. From a timing viewpoint, the Court concludes that the period between the guilty plea of September 15, 2017 and the motion to withdraw guilty plea is properly viewed as April 22, 2019, a period of nineteen months.

The Court concludes that the timing factor weighs significantly against allowing Mr. Goguen to withdraw his guilty plea as it is a period of nearly nineteen months from his entry of the guilty plea. Even if the proper date is December 2017, when Mr. Goguen filed his pro se motion, which the Court concludes it is not, the factor is at best mixed.

## D. Prejudice to the Government

"If the combined weight of these factors tilts in the defendant's favor, then the court should consider the quantum of prejudice, if any, that will inure to the government should the motion be granted." *United States v. Gates,* 709 F.3d 58, 69 (1st Cir. 2013) (internal quotation marks omitted) (citing *United States v. Doyle*, 981 F.2d 591, 594 (1st Cir. 1992)).

Because the Court concludes that the weight of these factors does not tilt in Mr. Goguen's favor, it is not necessary to consider the potential prejudice to the Government.[6]

## E. The Revocation Petition and the Motion to Withdraw Guilty Plea

In addition to moving to withdraw his guilty plea on the new criminal charge reflected in *United States v. Goguen*, 1:16-cr-00167-JAW, Mr. Goguen intended the

---

[6] The Court concludes there is no need for oral argument or an evidentiary hearing. *United States v. Isom,* 85 F.3d 831, 838 (1st Cir. 1996) ("[E]videntiary hearings on motions are the exception, not the rule. We have repeatedly stated that, even in the criminal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial or posttrial motion.") (alterations in original) (citation omitted). Mr. Goguen is not entitled to an evidentiary hearing as his allegations are contradicted by the record and are otherwise conclusory. *United States v. Dunfee,* 821 F.3d 120, 132 (1st Cir. 2016) (citing *United States v. Pulido*, 566 F.3d 52, 57 (1st Cir. 2009)). Nor has Mr. Goguen clarified why an evidentiary hearing or oral argument is necessary.

motion to apply to the petition for revocation of supervised release in *United States v. Goguen*, 1:11-cr-00003-JAW.  The Court is perplexed.  Regarding the old criminal conviction and revocation petition, a federal grand jury indicted Mr. Goguen on January 12, 2011, for failure to register as a sex offender, a violation of 18 U.S.C. § 2250(a)(1).  *Indictment*, *United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 1).  As discussed in the background above, on July 14, 2011, Mr. Goguen pleaded guilty to that charge.  *Min. Entry*, *United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 43).  On September 14, 2012, the Court sentenced Mr. Goguen to sixteen months of imprisonment, no fine, a three-year period of supervised release, and a $100 special assessment.  *J.*, *United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 80).  On January 31, 2013, the Court entered an amended judgment adding twenty-one months to Mr. Goguen's period of incarceration, for a total of thirty-seven months.  *Am. J.*, *United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 90).

On November 13, 2015, the Government filed a petition for warrant, alleging that Mr. Goguen had violated the terms of his supervised release by committing the offense of possession of child pornography and by violating the provisions of his sex offender treatment program.  *Pet. For Warrant or Summons for Offender Under Supervision*, *United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 144).  On September 15, 2017, the Court addressed not only the Rule 11 guilty plea on the new criminal conduct but also the Rule 32.1 admission on the revocation petition.[7]  *Plea Tr.* 25:12-29:11.

---

[7]    The resolution of the revocation petition was substantially delayed by a complicated issue about the applicability of a five-year mandatory term of incarceration under 18 U.S.C. § 3593(k).  The

As Mr. Goguen failed to mention the revocation petition in his motion to withdraw guilty plea, the Court is left to guess what his position might be on the revocation petition. Mr. Goguen's main point in his motion to withdraw his guilty plea on the new criminal conduct is his allegation that the Court misinformed him about the tiered statutory penalties that he faced by pleading guilty to the new criminal charge. *See supra* at 7-8, 24-30. But none of these arguments is applicable to the penalties that he currently faces on the revocation petition as Mr. Goguen faces a maximum potential term of imprisonment of two years. *Order on Mem. in Opp'n to the Gov't's Req. to Apply the Penalty Ranges Under 18 U.S.C. § 3583(k)* at 36-37. As Mr. Goguen does not have a right to a jury trial on the petition for revocation, none of his alleged confusion about his right to a jury trial on one of the issues applies either.

As the Court understands his arguments, the only one even arguably related to the pending motion for revocation of supervised release is the question of whether the Court should have advised Mr. Goguen about the possibility that he could have entered a conditional admission and reserved the legality of the search of his computer for later appeal. Again, however, for the reasons set for above, there is no reason to conclude that the Court was legally required to inform Mr. Goguen about

---

Court issued an order on November 2, 2016, agreeing with Mr. Goguen that the five-year mandatory minimum did not apply to his case. *See Order on Mem. In Opp'n to Gov't's Req. to Apply the Penalty Ranges Under 18 U.S.C. § 3583(k), United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 170). As Mr. Goguen prevailed on that issue, it could not form a proper basis for his withdrawal of his admission of the supervised release violations.

his supposed right to enter a conditional admission to the supervised release violation.

In short, by failing even to mention the revocation petition in his motion to withdraw his guilty plea, Mr. Goguen left the Court with an undeveloped argument regarding his request to treat his motion to withdraw his guilty plea as equally applicable to the pending revocation petition. To the extent the Court understands it, the issues in his motion to withdraw his guilty plea are not related to the pending petition for revocation, and in the one instance where Mr. Goguen's motion to withdraw his guilty plea might be applicable to his revocation petition, the Court views that issue as non-meritorious.

## V. CONCLUSION

The Court concludes that Mr. Goguen's guilty plea was knowing, intelligent, and voluntary and that he has failed to meet his burden to the other factors the Court must consider in determining whether he should be allowed to withdraw his guilty plea.

The Court DENIES Robert Frederick Goguen's Motion to Withdraw Guilty Plea (ECF No. 113) (1:16-cr-00167-JAW), (ECF No. 289) (1:11-cr-00003-JAW). The Court also DENIES Robert Frederick Goguen's Motion for Oral Argument/Hearing (ECF No. 116) (1:16-cr-00167-JAW), (ECF No. 292) ((1:11-cr-00003-JAW).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2019