UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:11-cr-00003-JAW |
| v. | ) | 1:16-cr-00167-JAW |
| | ) | |
| ROBERT GOGUEN | ) | |

**ORDER ON DEFENDANT'S MOTION TO EXTEND**

On October 22, 2019, the Court orally granted Robert Goguen's motion to file a pro se motion to withdraw his guilty plea. *Order* (ECF No. 125).[1] The Court set December 16, 2019, as the date by which Mr. Goguen must file his motion, a date Mr. Goguen agreed to meet. *Id.* On November 21, 2019, Mr. Goguen filed a pro se motion to extend the time by which he must file the pro se motion from December 16, 2019,

---

[1] Unless otherwise indicated, the ECF numbers mentioned in this Order refer to docket number 1:16-cr-00167-JAW.
    The Court is not entirely clear what Mr. Goguen intends to file.
    Mr. Goguen was indicted on January 12, 2011, for failure to register as a sex offender. *Indictment*, *United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 1). He pleaded guilty to that charge on July 14, 2011, *Min. Entry*, *id.* (ECF No. 43), and on November 15, 2011, he filed a pro se motion to withdraw his guilty plea. *Mot. to Withdraw Plea of Guilty*, *id.* (ECF No. 51). On May 22, 2012, he withdrew his motion to withdraw his guilty plea. *Def.'s Notice of Withdrawal of Mot. to Withdraw Guilty Plea with Mot. to Set Sentencing After Def.'s Trial in State Ct. Proceedings*, *id.* (ECF No. 67). The Court granted his motion to withdraw his motion to withdraw. *Order Granting Mot. to Withdraw Pro Se Motion to Withdraw Guilty Plea*, *id.* (ECF No. 68). On September 17, 2012, the Court sentenced Mr. Goguen to sixteen months of incarceration and three years of supervised release. *J.*, *id.* (ECF No. 80). On November 13, 2015, the Government filed a petition for revocation of supervised release, alleging two violations of the conditions of his supervised release. *Pet. for Warrant or Summons for Offender under Supervision*, *id.* (ECF No. 144). On September 15, 2017, Mr. Goguen admitted the violations. *Min. Entry*, *id.* (ECF No. 148); *Tr. of Proceedings* 25:12-29:11, *id.* (ECF No. 285). The Court does not know if Mr. Goguen plans to file a motion to withdraw on this 2011 charge, and, if so, whether he intends to file a motion to withdraw his July 14, 2011, guilty plea, his 2017 admission to the revocation violations, or both.
    Mr. Goguen was indicted a second time (1:16-cr-00167-JAW). On December 14, 2016, he was indicted for possession of child pornography. *Indictment* (ECF No. 1). Mr. Goguen pleaded guilty to that charge on September 15, 2017. *Min. Entry* (ECF No. 64). The Court assumes that Mr. Goguen intends to file a motion to withdraw his guilty plea to the 2016 charge.

to January 16, 2020.  *Pro Se Mot. to Cont. Filing the Mot. to Withdraw the Guilty Pleas* (ECF No. 128).

The basis for Mr. Goguen's motion is that he requested from his former and current attorneys his "case files" and they have not satisfied his requests.  *Id.* at 1-2.  Mr. Goguen says that his current lawyer, Ronald Bourget, provided him with only a portion of the documents in his file, namely only those matters Attorney Bourget generated and not the records that Attorney Hunter Tzvorras produced during his representation of Mr. Goguen.  *Id.* at 1.  Mr. Goguen says that Attorney Tzvorras failed to respond to his direct request.  *Id.* at 2.  Mr. Goguen therefore asks for an additional month to obtain these records from Attorneys Bourget and Tzvorras and file his pro se motion.  *Id.* at 1-2.

The Court DENIES Robert Goguen's motion to extend (ECF No. 128).  First, Mr. Goguen's motion is premised on his contention that he has a right to his current and former attorneys' files.  Without commenting on the scope of that right, the Court will not be drawn into a dispute (if there is a dispute) between Mr. Goguen and his former and current lawyers on this issue.  *See* ME. R. PROF. CONDUCT § 1.15(f).

Second, although Mr. Goguen asks until January 16, 2020, the Court is not confident that whatever dispute Mr. Goguen is having with his attorneys will be resolved by January 16, 2020.  There is no firm end-date to the continuance.

Third, the Court does not know why Mr. Goguen requires the files of his attorneys to file his motions to withdraw guilty plea.  Mr. Goguen seems to have a very clear idea about why he believes that his guilty pleas and his revocation

admission should be withdrawn, which is why the Court authorized his pro se filing. After all, these cases are against Mr. Goguen himself and Mr. Goguen can tell the Court what he recalls. Furthermore, Mr. Goguen is an assiduous chronicler of the details of his cases and it is unlikely that Mr. Goguen requires the actual files to remember what happened. Mr. Goguen is more than capable of making representations of facts as he recalls them, and the Court will be able to review his assertions and decide whether his motion to withdraw guilty plea is meritorious or whether additional information from the attorneys is essential to the resolution of the motions to withdraw the guilty pleas and the revocation admission.

Finally, as the Court noted, Mr. Goguen pleaded guilty to the 2011 charge on July 14, 2011, *Min. Entry*, *United States v. Goguen*, 1:11-cr-00003-JAW (ECF No. 43), and to the revocation petition filed on the 2011 charge and to the 2016 charge on September 15, 2017. *Min. Entry, id.* (ECF No. 193); *Min Entry* (ECF No. 64). Despite its efforts to resolve these matters, now well over two years after Mr. Goguen admitted the violation conduct on the revocation petition and pleaded guilty to the new criminal charge, the Court has not yet sentenced Mr. Goguen on either the November 13, 2015, petition for revocation on the 2011 charge or on the December 14, 2016, indictment on the 2016 charge. Under Federal Rule of Criminal Procedure 32(b)(1), the Court is directed to sentence a defendant "without unnecessary delay." Here, the Court views Mr. Goguen's motion as unnecessarily delaying his current sentencing date of February 18, 2020, without a clear end in sight.

3

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of November, 2019