UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:11-cr-00003-JAW |
| v. | ) | 1:16-cr-00167-JAW |
| | ) | |
| ROBERT GOGUEN | ) | |

**ORDER ON GOVERNMENT'S MOTION FOR COURT ORDER
AUTHORIZING DISCLOSURE**

A defendant filed a motion to withdraw his guilty plea to a new criminal charge and his admission to violations of the terms of his supervised releasee on an earlier criminal conviction. In the motion, the defendant alleges that his prior attorney provided ineffective assistance of counsel and that his attorney's conduct justifies the withdrawal of his guilty plea and admissions. In response the government moves this Court for an order allowing the defendant's former counsel to disclose what would otherwise be confidential communications with the defendant in order to allow the government to investigate the accuracy of the defendant's allegations against his former attorney. Concluding that the government's request is narrowly tailored to address only the issues that the defendant has raised and that the revelation of this otherwise confidential information is necessary for the government to adequately respond to the defendant's allegations, the Court grants the government's motion and authorizes the defendant's former attorney to provide otherwise confidential documents and to produce an affidavit to the Government disclosing otherwise confidential matters.

## I. BACKGROUND

On January 16, 2020, Robert Goguen filed a motion to withdraw his guilty pleas in both pending matters before the Court. *Def.'s Pro Se Mot. to Withdraw Guilty Plea(s) and Req. for Order to Disqualify Hon. John A. Woodcock, Jr.* (ECF No. 309; ECF No. 132) (*Def.'s Mot.*).[1] After Mr. Goguen filed his motion to withdraw, on January 23, 2020, the United States (Government) filed a motion for a court order authorizing Attorney Hunter Tzovarras to disclose confidential attorney-client communications. *Gov't's Mot. for Ct. Order Authorizing Disclosure of Confidential Communications* (ECF No. 313; ECF No. 136) (*Gov't's Mot.*). On February 18, 2020, Mr. Goguen objected to the Government's motion. *Def.'s Obj. to Disclosure of Confidential Communications* (ECF No. 321; ECF No. 143) (*Def.'s Opp'n*). On February 27, 2020, the Government filed a reply. *Gov't's Reply to Def.'s Obj. to Mot. for Ct. Order Authorizing Disclosure of Confidential Communications* (ECF No. 325; ECF No. 145) (*Gov't's Reply*).

## II. DISCUSSION

The Court is not convinced that the Government and Mr. Goguen are very far apart regarding the Government's motion. In his motion to withdraw, Mr. Goguen makes several claims that Attorney Tzovarras was ineffective in his representation of Mr. Goguen and that his ineffective representation led Mr. Goguen to plead guilty

---

[1] To simplify citation, the Court has not recited the docket number for Mr. Goguen's two criminal cases in this Court each time it referred to a filed document. Instead, the higher number is a citation to 1:11-cr-00003-JAW and the lower number to 1:16-cr-00167-JAW.

On February 24, 2020, the Court issued an order denying the recusal part of Mr. Goguen's motion. *Order on Def.'s Mot. to Recuse* (ECF No. 323; ECF No. 144). On March 3, 2020, Mr. Goguen appealed this order in both cases to the Court of Appeals for the First Circuit. *Def.'s Notice of Appeal* (ECF No. 326; ECF No. 146).

to the new criminal conduct and admit to violations of his supervised release when he was in fact innocent of both the new criminal conduct and the supervised release violations. *Def.'s Mot.* at 10-23.

In his objection to the Government's motion, citing *United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009), which itself quotes *Strickland v. Washington*, 466 U.S. 668 (1984), Mr. Goguen acknowledges that disclosure of otherwise confidential attorney-client communications "may be critical . . . to a proper assessment of counsel's . . . litigation decisions." *Def.'s Opp'n* at 2 (some alterations in original) (quoting *Pinson*, 584 F.3d at 978 (quoting *Strickland*, 466 U.S. at 691)). Mr. Goguen's main worry is that the Government will go on a "fishing expedition." *Id.* at 4. He asks that if the Court is going to grant the Government's motion, the order limit the areas that Attorney Tzovarras will be allowed to disclose, and he objects to the in-person conference between the prosecutor and Attorney Tzovarras. *Id.* at 4-5.

In its reply, the Government agrees not to proceed with an interview of Attorney Tzovarras so long as he is required to submit an affidavit instead. *Gov't's Reply* at 5. Furthermore, in reply to Mr. Goguen's concern about a fishing expedition, the Government proposes that Attorney Tzovarras release documents relevant to certain specific topics. *Id.* at 4-5. The Court reviewed Mr. Goguen's allegations, compared them to the areas for which the Government wishes to obtain Attorney Tzovarras' responses, and concludes that the areas are sufficiently narrow and specific to allow the intrusion on the attorney-client privilege as is necessary for the Government to properly respond to Mr. Goguen's allegations.

3

The Court overrules Mr. Goguen's more generalized objections to the disclosure of this information, *Def.'s Opp'n* at 2-5, and it issues this Order without prejudice to the Government's further motion, if necessary, to seek additional discovery.

### III. CONCLUSION

The Court GRANTS the Government's Motion for Court Order Authorizing Disclosure of Confidential Communications (ECF No. 313; ECF No. 136). The Court authorizes the Government to obtain information, correspondence, notes, and other documents that would otherwise be confidential communications between Mr. Goguen and Attorney Tzovarras and work product from Attorney Tzovarras, and the Court also authorizes Attorney Tzovarras to produce such confidential communications and work product to the Government. The Court further authorizes Attorney Tzovarras to disclose otherwise confidential communication in affidavit form in response to the Government's inquiries. The Court limits Attorney Tzovarras' disclosures both of documents and by affidavit to the following areas:

(1) whether Attorney Tzovarras properly advised his client concerning the evidence that supported the crime that Mr. Goguen was charged with having committed as alleged in Section II.A of Mr. Goguen's Pro Se Motion to Withdraw Guilty Pleas;

(2) whether Attorney Tzovarras properly advised his client concerning Mr. Goguen's claim that he did not know there was illicit material on the laptop and his claim that Attorney Tzovarras misadvised him that the

Government needed only to show that he possessed the laptop as alleged in Section II.B of Mr. Goguen's Pro Se Motion to Withdraw Guilty Pleas;

(3) whether Attorney Tzovarras conducted an adequate investigation of the areas Mr. Goguen identified in Section III.C of Mr. Goguen's Pro Se Motion to Withdraw Guilty Pleas; and,

(4) whether Attorney Tzovarras properly advised Mr. Goguen with respect to the burden of proof applicable to the criminal proceedings against him as set forth in Section III.I of Mr. Goguen's Pro Se Motion to Withdraw Guilty Plea.

Finally, to maintain control of the pending motion and to make certain that the matter is proceeding to resolution, the Court ORDERS the Government to file a status report within twenty-eight days of the date of this Order as to the status of compliance with this Order and of the pending motion to withdraw plea and admission.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2020

5