UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00167-JAW-1 |
| | ) | No. 1:11-cr-00003-JAW-1 |
| ROBERT GOGUEN | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

The Court rejects a defendant's motion for release pending appeal because it concludes that he has not sustained his burden to prove by clear and convincing evidence that he does not pose a danger to any other person or the community under 18 U.S.C. § 3143(b)(1)(A), that his appeal does not raise any substantial issues of material fact or law as required by 18 U.S.C. § 3143(b)(1)(B), and that the defendant is in any event subject to the mandatory detention provisions of 18 U.S.C. § 3143(b)(2).

**I.   BACKGROUND**

**A.   *United States v. Robert Goguen* – 1:11-cr-00003-JAW**

On January 12, 2011, a federal grand jury indicted Robert Goguen for violating the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a). *Indictment* (ECF No. 1) (1:11-cr-00003-JAW-1). The indictment alleged that Mr. Goguen had been convicted of a sex offense in the state of Connecticut in 1996 and had failed to register as a sex offender in the state of Maine beginning no later than August 31, 2009. *Id.* On July 14, 2011, Mr. Goguen appeared before the Court and entered a plea of guilty to the charged offense, *Min. Entry* (ECF No. 43), and on September 14,

2012, the Court sentenced Mr. Goguen to thirty-seven months of imprisonment, three years of supervised release, a $100 special assessment, and no fine. *J.* (ECF No. 80); *Am. J.* (ECF No. 90). Mr. Goguen did not appeal his conviction or sentence to the Court of Appeals for the First Circuit.

On August 16, 2013, the Government filed a warrant and summons for violations of supervised release, alleging Mr. Goguen violated his sex offender treatment condition by downloading pornographic movies at the Penobscot County Judicial Center's law library. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 96). On September 23, 2013, Mr. Goguen admitted the violation, and the Court sentenced him to five months of incarceration and thirty-one months of supervised release. *Revocation J.* (ECF No. 113). Mr. Goguen appealed this revocation judgment to the First Circuit, which summarily affirmed it. *J. of Ct. of Appeals for the First Circuit* (ECF No. 142).

On November 13, 2015, the Government filed a second petition for revocation, this time alleging that Mr. Goguen violated two conditions of supervised release by possessing child pornography on his computer. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 144). Mr. Goguen admitted the violations on September 15, 2017. *Min. Entry* (ECF No. 193). On September 20, 2021, the Court sentenced Mr. Goguen to twenty-four months of incarceration consecutive to the sentence imposed in 1:16-cr-00167-JAW-1. *Revocation J.* at 2 (ECF No. 404). Mr. Goguen appealed to the Court of Appeals on September 21, 2021. *Notice of Appeal* (ECF No. 406).

> B. *United States v. Robert Goguen* – 1:16-cr-00167-JAW-1

On December 14, 2016, a federal grand jury indicted Robert Goguen for possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B), on November 10, 2015. *Indictment* (ECF No. 1) (1:16-cr-00167-JAW-1). On September 15, 2017, Mr. Goguen pleaded guilty to the charge. *Min. Entry* (ECF No. 64). On September 20, 2021, the Court sentenced Mr. Goguen to 168 months of incarceration with twenty years of supervised release to follow, a $100 special assessment, and no fine. *Revocation J.* at 2 (ECF No. 205). Mr. Goguen appealed to the Court of Appeals on September 21, 2021. *Notice of Appeal* (ECF No. 207).

## II. THE PARTIES' POSITIONS

> A. **Robert Goguen's Motion for Release Pending Appeal**

Citing 18 U.S.C. § 3143(b)(1)(A), Mr. Goguen moves for release pending appeal, arguing that he is neither a flight risk nor a danger to the community. *Mot. for Release Pending Appeal* (ECF No. 213 – 1:16-cr-00167-JAW-1; ECF No. 426 – 1:11-cr-00003-JAW-1)). Mr. Goguen says that his appeal is not for delay but raises "substantive questions of law likely to result in reversal or in the very least, a sentence much less than the time served – plus the expected duration of the appeal process." *Id.* at 2. Mr. Goguen writes that he intends to raise on appeal:

1) Did the district court commit judicial misconduct or abuse its discretion when denying the motion to dismiss for vindictive prosecution and the pro se motion to withdraw the guilty plea and admission;

2) Whether the Judge abused his discretion in failing to recuse; and

3) Whether the sentence was imposed without due process.

3

*Id.*

B. **The Government's Opposition**

On November 28, 2022, the Government filed its opposition to the motion for release. *Gov't's Resp. to Def.'s Mot. for Release Pending Appeal* (ECF No. 216) (*Gov't's Opp'n*). The Government first objects to Mr. Goguen's release on the ground that he has failed to show by clear and convincing evidence that he would not pose a threat to the community if released. *Id.* at 2-5. Next, the Government contends that Mr. Goguen has also failed to demonstrate that his appeal raises a substantial question of law under 18 U.S.C. § 3143(b)(1)(B). *Id.* at 5.

III. **THE LAW**

Section 3143(b) provides:

**(b) Release or detention pending appeal by the defendant.**

**(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

**(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title [18 U.S.C. § 3142(b) or (c)]; and

**(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

**(i)** reversal,
**(ii)** an order for a new trial,
**(iii)** a sentence that does not include a term of imprisonment, or
**(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

4

> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title [18 U.S.C. § 3142(b) or (c)] except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
>
> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 [18 U.S.C. § 3142] and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b).

As § 3143(b)(1)(A) states, the burden to prove that he is not likely to flee or pose a danger to the safety of any other person rests with the defendant and must be shown by "clear and convincing evidence." *United States v. Bayko*, 774 F.2d 516, 520 (1st Cir. 1985). The First Circuit has also explained the meaning of the term, "substantial question," as it appears in § 3143(b)(1)(B): a "substantial question" is one that "very well could be decided the other way" and, if so, would not be "harmless or unprejudicial." *Id.* at 523. In other words, the legal or factual issues must be "close." *Id.*

Finally, in § 3143(b)(2), there is a reference to § 3142(f), which provides in part:

> **(f) Detention hearing.** The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community –
>
> > **(1)** upon motion of the attorney for the Government, in a case that involves –

5

> **(E)** any felony that is not otherwise a crime of violence that involves a minor victim . . . or involves a failure to register under section 2250 of title 18, United States Code . . ..

18 U.S.C. § 3142(f).

## IV.   DISCUSSION

First, based on this record, the Court cannot conclude that Mr. Goguen does not present a danger to the safety of any other person or the community. Mr. Goguen has a serious criminal history. According to the Presentence Investigative Report in 1:16-cr-00167-JAW-1, he has eleven prior adult convictions. *Presentence Investigative Report* ¶¶ 28-36. Some convictions are for relatively minor offenses, such as operating a motor vehicle with a suspended license; others are manifestly serious. Mr. Goguen has a 1996 conviction for sexual assault in the second degree for which he was sentenced to ten years of state incarceration in the state of Connecticut with four years to serve and five years of probation. *Id.* ¶ 31. He has a 2006 commonwealth of Massachusetts conviction for failure to register as a sex offender. *Id.* ¶ 33. He has a 2006 Massachusetts conviction for possession of cocaine. *Id.* ¶ 34. He has the 2010 federal conviction for failure to register as a sex offender. *Id.* ¶ 36. Mr. Goguen now has a second federal conviction, this time for possession of child pornography. *Id.* Significantly, Mr. Goguen committed the child pornography crime while on federal supervised release and thereby violated the conditions of his supervised release. *Id.* Moreover, in an earlier incident, again while on supervised release, Mr. Goguen downloaded pornography at the Penobscot County Law Library, and thereby demonstrated an unusual degree of recklessness. In making this determination, the

6

Court has considered the fact that at least one of his sexual crimes involves sexualizing children, an especially vulnerable group of victims. Based on his criminal history, the Court concludes that Mr. Goguen has not sustained his burden to demonstrate by clear and convincing evidence that he does not pose a danger to others or the community.

Second, the Court does not conclude that Mr. Goguen's appeal raises any substantial questions of law or fact as the First Circuit has defined the term. The Court has written extensively on almost all the issues that Mr. Goguen proposes to present to the Court of Appeals and for the reasons set forth in those decisions the Court does not consider them meritorious. *Order on Def.'s Mot to Withdraw Guilty Plea* (ECF No. 293; ECF No. 120)[1]; *Order on Mot. to Withdraw Guilty Plea and Admission* (ECF No. 350; ECF No. 159); *Order on Def.'s Mot. to Recuse* (ECF No. 323; ECF No. 144); *Order on Mot. to Dismiss for Vindictive Prosecution and Mot. for Disc.* (ECF No. 195).

The one seemingly new issue is his contention that the Court's sentence violated his due process rights. *Def.'s Mot.* at 2. Mr. Goguen's motion only states that he intends to raise on appeal "whether the sentence was imposed without due process." *Id.* To understand Mr. Goguen's due process argument, the Court reviewed the Government's appellate brief, which outlines Mr. Goguen's contentions and the Government's response. *See Gov't's Opp'n* Attach. 1, *Br. of Appellee United States of Am.* at 61-65. The Court also reviewed the transcript of Mr. Goguen's September 20,

---

[1] Where a filing has been docketed in both 1:11-cr-0003-JAW-1 and 1:16-cr-00167-JAW-1, the Court has listed first the docket entry for 1:11-cr-0003-JAW-1 and for 1:16-cr-00167-JAW-1.

7

2021 sentencing hearing, paying particular attention to the colloquy about Mr. Goguen's 1996 conviction in Connecticut for sexual assault in the second degree. *Tr. of Proceedings*, 15:14-24:6 (ECF No. 211) (*Sentencing Tr.*).[2] Based on this record, the Court concludes that he has not raised a substantial question of law or fact on his violation of due process claim. *See Gov't's Opp'n* Attach. 1, *Br. of Appellee United States of Am.* at 61-65.

Third, Mr. Goguen's possession of child pornography conviction in 1:16-cr-167-JAW-1 is a "crime that involves a minor victim" under 18 U.S.C. § 3142(f), and therefore his request for release pending appeal is barred by 18 U.S.C. § 3143(b)(2). *See* § 3143(b)(2) ("shall order that such person . . . be detained").[3] Mr. Goguen has not addressed the potential applicability of § 3143(b)(2) and why his most recent conviction does not fall within the ambit of the statutory prohibition against release pending appeal.

## V. CONCLUSION

The Court DENIES Robert Goguen's Motion for Release Pending Appeal (ECF No. 213 – 1:16-cr-00167-JAW-1; ECF No. 426 – 1:11-cr-00003-JAW-1).

---

[2] At his sentencing hearing on September 20, 2021, Mr. Goguen observed that his jurisdictional challenge to his 1996 Connecticut conviction was before the Supreme Court of Connecticut. *Sentencing Tr.* 16:4-5. On December 23, 2021, the Supreme Court of Connecticut dismissed his appeal. *Goguen v. Comm'r of Corr.*, 341 Conn. 508, 267 A.3d 831 (2021).

[3] Mr. Goguen may also be barred from release pending appeal under § 3143(b)(2)'s reference to § 3142(f)(1)(E) and its language, which captures convictions that "involve[] a failure to register under section 2250 of title 18, United States Code." It is possible that this language applies to a revocation petition under a § 2250 conviction, but the Court does not reach that question because he is otherwise not subject to release.

SO ORDERED.

                                           /s/ John A. Woodcock, Jr.
                                           JOHN A. WOODCOCK, JR.
                                           UNITED STATES DISTRICT JUDGE

Dated this 22nd day of December, 2022